No. 26-5059

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

TED ENTERTAINMENT, INC.,
Plaintiff and Appellant,

vs.

ALEXANDRA MARWA SABER p/k/a DENIMS

Defendant and Appellee.

---

Appeal From Order Granting Motion for Judgment on the Pleadings
Issued June 29, 2026

Hon. Wesley L. Hsu
Central District of California Case No. 2:25-cv-05564-WLH-PD

---

# OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION; DECLARATION OF ROM BAR-NISSIM

---

ROM BAR-NISSIM (SBN 293356)
ROM@HEAHBARNISSIM.COM
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

**Attorneys for Plaintiff and Appellant**
**Ted Entertainment, Inc.**

## TABLE OF CONTENTS

**I. INTRODUCTION .......... 1**

**II. RELEVANT BACKGROUND .......... 3**

**III. ARGUMENT .......... 4**

- **A. The Dismissal Without Prejudice Does Not Affect Finality .......... 4**
- **B. The Judgment is a Final Judgement Under 28 U.S.C. § 1291 .......... 11**
- **C. The Unserved Doe Defendants and the Claims Against Them Do Not Affect the Judgment's Finality .......... 13**

**IV. CONCLUSION .......... 20**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Already, LLC v. Nike, Inc.*,

598 U.S. 85 (2013) ........................................................ 15

*American Ironworks & Erectors, Inc. v. North America Construction Corp.*,

248 F.3d 892 (9th Cir. 2001) ........................................................ 19

*American States Insurance Co. v. Dastar Corp.*,

318 F.3d 881 (9th Cir. 2003) ........................................................ 9, 10

*Bock v. Washington*,

33 F.4th 1139 (9th Cir. 2022) ........................................................ 18

*Campbell Industries, Inc. v. Offshore Logistics International*,

816 F.2d 1401 (9th Cir. 1987) ........................................................ 12

*Cincinnati Specialty Underwriters Insurance Co. v. Wood*,

856 Fed. App'x 695 (9th Cir. 2021) ........................................................ 7, 8

*CPC Patent Technologies Pty Ltd. v. Apple, Inc.*,

119 F.4th 1126 (9th Cir. 2024) ........................................................ 11, 13

*Crowley v. Bannister*,

734 F.3d 967 (9th Cir. 2013) ........................................................ 16, 18

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*,

375 F.3d 861 (9th Cir. 2004)...................................... 11, 15, 16, 18

*Fincher v. Keller Industries, Inc.*,

129 F.R.D. 123 (M.D.N.C. 1990)................................................ 15

*Flores v. County of Los Angeles*,

758 F.3d 1154 (9th Cir. 2014)..................................................... 14

*Galaza v. Wolf*,

954 F.3d 1267 (9th Cir. 2020).................................... 1, 5, 6, 7, 8, 9

*Geo Group, Inc. v. Menocal*,

607 U.S. 438 (2026) ........................................................ 11, 13, 20

*Gospel Missions of America v. City of Los Angeles*,

328 F.3d 548 (9th Cir. 2003).................................................. 17, 18

*Hillis Motors, Inc. v. Hawaii Automobile Dealers' Association*,

997 F.2d 581 (9th Cir. 1993)....................................................... 14

*James v. Price Stern Sloan, Inc.*,

283 F.3d 1064 (9th Cir. 2002)...................................... 5, 10, 11, 20

*Knupfer v. Lindblade (In re Dyer)*,

322 F.3d 1178 (9th Cir. 2003)..................................................... 13

*Montes v. United States*,

37 F.3d 1347 (9th Cir. 1994)....................................................... 12

*National Distribution Agency v. Nationwide Mutual Insurance, Co.*,

117 F.3d 432 (9th Cir. 1997) .............................................. 9, 12, 15

*Patchick v. Kensington Publishing Corp.*,

743 F.2d 675 (9th Cir. 1984) ........................................... 14, 17, 20

*Rafter v. Carrier Corp.*,

309 F. Supp. 517 (S.D.N.Y. 1969) ................................................ 15

*Ray Haluch Gravel Co. v. Central Pension Fund of International Union of Operating Engineers & Participating Employees*,

571 U.S. 177 (2014) ......................................................................... 13

*Romoland School District v. Inland Empire Energy Center*,

548 F.3d 738 (9th Cir. 2008) ......................................................... 19

*United States v. Krane*,

625 F.3d 568 (9th Cir. 2010) ......................................................... 15

*Waetzig v. Halliburton Energy Services, Inc.*,

604 U.S. 305 (2025) ......................................................................... 11

*Western Benefit Solutions, LLC v. Gustin*,

2012 WL 4417190 (D. Idaho Sept. 12, 2012) ................................ 15

**Statutes**

28 U.S.C. § 1291 ........................................................... 1, 3, 11, 14, 21

28 U.S.C. § 1292 ........................................................................... 3

**Rules**

Fed. R. Civ. P. 15(a) .......... 9

Fed. R. Civ. P. 41(a)(1) .......... 7

Fed. R. Civ. P. 41(a)(1)(A)(i) .......... 6

Fed. R. Civ. P. 41(a)(1)(A)(ii) .......... 5, 6, 9

Fed. R. Civ. P. 54(b) .......... 2, 14, 20

Ninth Circuit Rule 36-3(a) .......... 7

Plaintiff-Appellant Ted Entertainment, Inc. ("TEI") respectfully submits its opposition to the motion to dismiss for lack of jurisdiction (the "Motion") of Defendant-Appellee Alexandra Marwa Saber p/k/a Denims ("Saber").

## I. <u>INTRODUCTION</u>

The Motion must be denied because the district court's July 13, 2026 judgment (the "Judgment") was final under 28 U.S.C. § 1291. TEI shall begin by addressing this Court's August 13, 2026 order that the parties address whether the Judgment is appealable under *Galaza v. Wolf*, 954 F.3d 1267 (9th Cir. 2020).

TEI's dismissal of its remaining claim against Saber without prejudice does not affect finality of the Judgment. Such dismissals do not affect finality if the district court approved the dismissal and there is no evidence the parties attempted to manipulate jurisdiction. Here, despite the proposed order for the joint stipulation not including language on the dismissal of the claim, the district court ***rewrote*** the proposed order to expressly include that language. The district court executed this order knowing that TEI intended to appeal its June 29, 2026 order granting Saber's motion for judgment on the pleadings (the "JOP Order") and entered the order dismissing the remaining claim immediately before entry of the Judgment.

Nor was there any attempt to manipulate appellate jurisdiction. To the contrary, TEI dismissed the remaining claim because it was not worth pursuing as a standalone claim. Further, the dismissal was an attempt to address an issue

created by the JOP Order – *i.e.*, it required Saber to submit a proposed judgment despite the existence of a remaining claim alleged against her.

Next, the Judgment is final because it ended the case. After the district court entered the Judgment, it closed the case. This was noted in ECF notifications for the case, on PACER, in the docket report for the case and the docket entry for the Judgment. This shows that the Judgment is final (and the district court intended it to be final) because it put a conclusive end to the litigation.

Nor does the claim of contributory copyright infringement against the Doe defendants affect the Judgment's finality. The Doe defendants were never served. The law is clear that a judgment is final, even if claims remain against unserved defendants. Further, Saber's reliance on the sole exception fails. She omits a key component of the rule: that there be no final judgment. Not only is there a final judgment in the present action, by closing the case upon entry of the Judgment, the district court demonstrated that no further adjudication was contemplated.

Finaly, Saber's argument that certification under Federal Rule of Civil Procedure ("FRCP") Rule 54(b) was required also fails. Since the Judgment addressed all claims against the served defendant (*i.e.*, Saber) and all that remained were claims against unserved defendants (*i.e.*, the Doe defendants), no certification was required because claims against unserved defendants do not affect finality.

Therefore, for the reasons set forth herein, TEI respectfully requests that this

Court deny the Motion and find the Judgement is final under 28 U.S.C. § 1291.[1]

## II. RELEVANT BACKGROUND

On July 1, 2026, the parties received the district court's June 29, 2026 JOP Order. Declaration of Rom Bar-Nissim ("RBN Decl."), ¶ 2. The JOP Order required Saber to submit a proposed judgment within seven days. ECF #45, p. 20. This created a dilemma because TEI still had a direct copyright infringement claim against Saber for the work titled *Countdown to Doomsday – H3 Show #104* (the "*Countdown Episode*"). RBN Decl., ¶ 2. Given the short time frame to resolve the issue, TEI agreed to dismiss the remaining claim without prejudice. *Id.*

Most important, TEI dismissed the *Countdown Episode* claim because it was not worth pursuing as a standalone claim. RBN Decl., ¶ 3. Due to the timing of the registration for the *Countdown Episode*, TEI would not be entitled to statutory damages or attorneys' fees. *Id.* While TEI did have theories for actual damages, the cost of pursuing the claim would have likely eclipsed that amount. *Id.* Finally, continuing to pursue the claim in light of the JOP Order increased the potential risk of Saber being entitled to attorneys' fees (including the amount of those fees). *Id.*

On July 6, 2026 (*i.e.*, the deadline for the proposed judgment), the parties

[1] TEI appeals the Judgment solely under 28 U.S.C. § 1291 and not under any exception to the final judgment rule, including the collateral-order doctrine or 28 U.S.C. § 1292. Saber's argument that no exception applies is thus beside the point.

filed a stipulation that addressed: (1) the dismissal of the *Countdown Episode* claim as to Saber; and (2) continuing the deadline for Saber to file her motion for attorneys' fees until after all appeals of the JOP Order were exhausted (the "Stipulation"). ECF #46. The proposed order for the Stipulation (the "Proposed Order") did not reference the voluntary dismissal of the *Countdown Episode* claim. ECF #46-1. The same day, Saber lodged her proposed judgment. ECF #47.

On July 13, 2026, the district court granted the Stipulation (the "Stipulation Order") and then entered the Judgment. ECF #48-49. Significantly, the district court rewrote the Proposed Order – most notably by adding language regarding the voluntary dismissal into the Stipulation Order. *Compare* ECF #46-1 *with* ECF #48.

On July 15, 2026, the parties received the ECF notification that the district court entered the Judgment on July 13, 2026. RBN Decl., ¶ 4, Ex. 1. Upon entry of the Judgment, the district court closed the case as shown by the ECF notifications, PACER search results, the docket report for the case and the docket entry for the Judgment. RBN Decl., ¶ 4, Exs. 1-3. At the time the Judgment was entered, TEI had not identified or served the Doe defendants. RBN Decl., ¶ 5. Since the case was closed, TEI could not take any action against the Doe defendants. *Id.*

## III. <u>ARGUMENT</u>

### A. <u>The Dismissal Without Prejudice Does Not Affect Finality</u>

TEI shall begin by addressing this Court's August 13, 2026 order that the

parties address whether the Judgment is appealable under *Galaza*. Dkt. No. 8.1. In *Galaza*, this Court noted an exception to the rule that voluntary dismissals without prejudice do not create an appealable judgment. *Id.* at 1270. When "a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction," the judgment is "final and appealable under 28 U.S.C. § 1291." *Id.* (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002)).

Saber erroneously argues that there was no meaningful judicial participation by the district court in the dismissal. The requirement that there be "meaningful district court participation" is to preserve the district court's "gate-keeping role" to "resolv[e] whether a case is ripe for review." *Galaza*, 954 F.3d at 1271. In other words, "the district court's involvement [is] needed to establish whether that dismissal would produce a final, appealable judgment or order." *Id.*

Here, the district court did meaningfully participate in the voluntary dismissal – despite not being required to do so. On July 6, 2026, the parties filed the Stipulation to address two issues: (1) to voluntarily dismiss without prejudice the direct copyright infringement claim of the *Countdown Episode* alleged against Saber under FRCP Rule 41(a)(1)(A)(ii); and (2) to continue the deadline for Saber to file her motion for attorneys' fees until after all appeals of the JOP Order were

exhausted. ECF #46. The Proposed Order for the Stipulation did ***not*** include language as to the voluntary dismissal. ECF #46-1. Had the district court simply signed the Proposed Order, the voluntary dismissal would have been affected by operation of law under FRCP 41(a)(1)(A)(ii) and without judicial participation.

But the district court did not allow this to happen. Rather, it reviewed the facts and circumstances presented by the parties in the Stipulation. Specifically, the district court was advised in the Stipulation that TEI intended to appeal the JOP Order. The district court wisely rewrote several aspects of the Proposed Order. *Compare* ECF #46-1 *with* ECF #48. (For this Court's convenience, both documents are attached as appendices to this brief.) Most important, the Stipulation Order replaced "The Stipulation is GRANTED" language with "Plaintiff's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby DISMISSED without prejudice, pursuant to FRCP 41(a)(1)(A)(ii)." *Id.*

The district court's *sua sponte* addition of this language clearly reflects that the it understood the procedural posture of the case and was cognizant that its approval of the voluntary dismissal was necessary to produce a final, appealable judgment. This is further confirmed by the fact that the district court closed the case immediately upon entering the Judgment. RBN Decl., ¶ 3, Exs. 1-3.

The facts in the present case stand in stark contrast to *Galaza*, where the plaintiff "filed a notice of voluntary dismissal of her race and sex discrimination

claims without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), followed by a notice of appeal." *Galaza*, 954 F.3d at 1269. "The district court was never asked to, and did not, enter a separate judgment." *Id.* at 1269-1270. This Court held that, while "Rule 41(a)(1) may not have required [the plaintiff] to seek permission of the court to voluntarily dismiss her remaining claims, the district court's involvement was needed to establish whether that dismissal would produce a final, appealable judgment or order." *Id.* at 1272.

No doubt aware of *Galaza*, the district court in the present case deliberately included language regarding the voluntary dismissal in the Stipulation Order. *Compare* ECF #46-1 *with* ECF #48. Further, the district court included this language and signed the Stipulation Order immediately before it entered the Judgment. *Compare* ECF #48 *with* ECF #49. This was not a scenario where "the district court was not informed in advance that [the plaintiff] had any intent to appeal the dismissal [of the involuntarily dismissed] claim, or that [plaintiff] had any intent to voluntarily dismiss her remaining claims to seek appellate review." *Galaza*, 954 F.3d at 1271. To the contrary, the district court fulfilled its "gate-keeping role" to "resolv[e] whether a case is ripe for review." *Id.*

Saber's reliance on *Cincinnati Specialty Underwriters Insurance Co. v. Wood*, 856 Fed.Appx. 695 (9th Cir. 2021) is misplaced. To begin, as an unpublished memorandum disposition, it is "not precedent." 9th Cir. Rule 36-3(a).

It is also factually inapposite. In *Cincinnati*, this Court found that "the district court did not meaningfully participate in the dismissal without prejudice of the Woods' remaining counterclaims." 856 Fed.Appx. at 699. "Although the district court did not use the precise form of order that the parties submitted, its order of dismissal was essentially the same" and there was "no indication that the district court considered the appropriateness of the dismissal without prejudice of the bad faith and Consumer Protection Act counterclaims[.]" *Id*.; RBN Decl., ¶ 7, Exs. 5-7.

This is the exact opposite of what happened here: While the parties did present a stipulation laying out all the procedural circumstances, they did not ask the district court to approve the voluntary dismissal. Instead of issuing an order that was "essentially the same" as that submitted by the parties, the district court ***added*** approval of the dismissal *sua sponte*. *Compare* ECF #46-1 *with* ECF #48. It is hard to imagine a situation more clearly demonstrating that the district court was not rubber-stamping the Proposed Order but, rather, "meaningfully participat[ing] in the dismissal without prejudice[.]" *Cincinnati*, 856 Fed.Appx. at 699. By *sua sponte* adding the dismissal language into the Stipulation Order immediately before entry of the Judgement, the district court unmistakably demonstrated that it did consider the appropriateness of dismissal without prejudice that was missing in *Cincinnati*. "This court has regularly expressed that a district court's involvement in the voluntary dismissal of a plaintiff's claims carries substantial weight in

determining whether appellate jurisdiction is proper." *Galaza*, 954 F.3d at 1269

Further, the district court in *Cincinnati* did not enter judgment after the dismissal order. RBN Decl., ¶ 7, Ex. 4 (see docket beginning at ECF #193). In the present case, the district court entered the Stipulation Order immediately before entering the Judgment. ECF #48-49. When "the court enter[s] a separate final judgment subsequent to the dismissal order," this Court can "be confident that the [district] court intended no further action in the case." *National Distribution Agency v. Nationwide Mutual Insurance, Co.*, 117 F.3d 432, 434 (9th Cir. 1997).

Saber's reliance on *American States Insurance Co. v. Dastar Corp.* ("*Dastar*"), 318 F.3d 881 (9th Cir. 2003) fares no better. *Dastar* found no meaningful participation precisely because the parties eliminated the remaining claims without leave of the court under FRCP Rule 15(a). *Id.* at 889. Consequently, the district court "had no ability or justification to refuse to issue a judgment." *Id.* As *Dastar* explained, the measure of meaningful participation is whether "the district court's participation in the dismissal indicated that it considered the appropriateness of the dismissal without prejudice." *Id.* at 888.

That is exactly what happened here. The district court did not rubber-stamp a self-executing stipulation; it rewrote the Proposed Order to supply the operative "DISMISSED without prejudice" language and entered the Stipulation Order immediately before the Judgment. ECF #46-1, 48-49. The district court's decision

to rewrite the Proposed Order in adjudicatory terms is affirmative evidence that it considered the appropriateness of the dismissal – which was absent in *Dastar*.

That the dismissal may have been self-executing under FRCP Rule 41(a)(1)(A)(ii) makes the district court's intervention more telling, not less. The district court's involvement is what "establishes whether that dismissal would produce a final, appealable judgment," and that it affirmatively exercised its "gate-keeping role" although it was not required to do so. *Galaza*, 954 F.3d at 1271.

Independently, the record contains no evidence – and Saber identifies none – of any intent to manipulate appellate jurisdiction. The *Countdown Episode* claim of direct copyright infringement was dismissed for two reasons. First and foremost, it was not worth pursuing as a stand-alone claim because it was not eligible for statutory damages or attorneys' fees – and pursuing the claim risked Saber being awarded attorneys' fees. RBN Decl., ¶ 3. This Court found a nearly identical justification sufficient. *See James*, 283 F.3d at 1068 (dismissal justified when pursuing claims "on the few remaining pieces of artwork would not be an efficient use of time and resources, given the small amount of artwork actually involved"). Second, the dismissal of the *Countdown Episode* claim was intended to resolve the issue created by JOP Order – *i.e.*, that Saber submit a proposed judgment despite the remaining *Countdown Episode* claim. RBN Decl., ¶ 2; ECF #45, p. 20.

Nor is this a case where "finality was achieved by a stipulation that, if the

judgment is reversed on appeal, appellant would be permitted to reinstate the claims." *James*, 283 F.3d at 1066. While "a dismissal of some claims without prejudice always presents a possibility that the dismissing party would attempt to resurrect them in the event of reversal[,]" "absent a stipulation [regarding reinstatement of the claims and/or tolling the statute of limitations] plaintiff assumes the risk that, by the time the case returns to district court, the claim will be barred by the statute of limitations or laches." *Id.* Rather, the "court's approval" is "sufficient to ensure that everything is kosher." *Id.*

### B. The Judgment is a Final Judgement Under 28 U.S.C. § 1291

Under 28 U.S.C. § 1291, "a party that loses in the district court has a 'statutory right' to take an appeal from any 'final decision.'" *Waetzig v. Halliburton Energy Services., Inc.*, 604 U.S. 305, 314 (2025). A "decision is 'final' under § 1291 only when it resolves the entire case—when it ends the litigation (on the merits or otherwise) and leaves nothing for the court to do but execute the judgment." *Geo Group., Inc. v. Menocal*, 607 U.S. 438, 443 (2026) (quotation marks omitted). The "test" for finality "is satisfied when the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *CPC Patent Technologies Pty Ltd. v. Apple, Inc.*, 119 F.4th 1126, 1131 (9th Cir. 2024) (quotation marks omitted).

The "finality requirement must be given a practical rather than a technical

construction." *Disabled Rights Action Committee v. Las Vegas Events, Inc.* ("*Disabled Rights*"), 375 F.3d 861, 870 (9th Cir. 2004). In determining whether an order or judgment is final under the statute, the "focus" is on "what effect the court intended it to have, rather than the label placed upon it." *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). When "a judge acts in a manner which clearly indicates an intention that the act be final, and a notation of that act has been entered on the docket," the order is appealable. *Campbell Industries, Inc. v. Offshore Logistics International*, 816 F.2d 1401, 1404 (9th Cir. 1987).

The Judgment is final because the district court entered the Judgment after the JOP Order. ECF #45, 49. When "the court enter[s] a separate final judgment subsequent to the dismissal order," this Court can "be confident that the [district] court intended no further action in the case." *National Distrib.*, 117 F.3d at 434.

The district court's intent is confirmed by: (1) closing the case after entering the Judgment (RBN Decl., ¶ 4); (2) the ECF notification for the Judgment and subsequent ECF notifications for the case stating: "**WARNING: CASE CLOSED on 07/13/2026**" (*id.*, Ex. 1) (original emphasis); (3) when searching for the case on PACER, the search results note that the "Date Closed" for the case is "07/13/2026" (*id.*, Ex. 2); (4) the docket report of the case on PACER also notes that the case is "CLOSED" (*id.*, Ex. 3); and (5) the docket entry for the Judgement on the docket report states "JS-6, Case Terminated" – which is a statistical code used by the

Central District of California to indicate that the matter is no longer active and has been removed from the court's pending case list. *Id.* In sum, the Judgment is final because it terminated the action and the district court disassociated itself from the case. *See Geo Grp.*, 607 U.S. at 443; *CPC Patent Technologies*, 119 F.4th at 1131.

The Judgment's finality is not affected by its reservation of jurisdiction over "matters collateral to this Judgment" and deferral of Saber's fee application. ECF #48. It is settled that "the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from being final for purposes of appeal." *Ray Haluch Gravel Co. v. Central Pension Fund of International Union of Operating Engineers and Participating Employees*, 571 U.S. 177, 179 (2014). The Ninth Circuit applies the rule categorically: "unresolved issues related to attorneys' fees do not defeat finality, regardless of whether the attorneys' fees are available under a statute, by contract, or as a sanction." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1186 (9th Cir. 2003). Saber's fees motion is a collateral matter and the reservation of authority to resolve such matters does not affect finality.

### C. <u>**The Unserved Doe Defendants and the Claims Against Them Do Not Affect the Judgment's Finality**</u>

Saber advances two erroneous interrelated arguments: (1) the Judgment is not final because it did not dispose of TEI's contributory copyright infringement claim against the Doe defendants for the *Countdown Episode*; and (2) TEI was required

to obtain certification under FRCP Rule 54(b) for an appealable order.

Saber's arguments fail. The Doe defendants were never served. RBN Decl., ¶ 5. "If an action is dismissed as to all of the defendants who have been served and only unserved defendants remain, the district court's order may be considered final under Section 1291 for the purpose of perfecting appeal." *Patchick v. Kensington Pub. Corp.*, 743 F.2d 675, 677 (9th Cir. 1984); *see also Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 fn. 9 (9th Cir. 2014) (order dismissing counts against named defendants that were served without mentioning unserved doe defendants was a final order as further evidenced by the judge closing the case); *Hillis Motors, Inc. v. Hawaii Automobile Dealers' Association*, 997 F.2d 581, 584 fn. 5 (9th Cir. 1993) (claims against unserved named defendant and unserved doe defendants did "not affect the appealability of the district court's judgment").

Saber incorrectly argues that the exception to the rule applies because of the Doe defendants' pending appeal.[2] To begin, Saber does not cite the complete rule:

---

[2] The Doe defendants' appeals are moot and TEI has filed motions to dismiss in both appeals for mootness or, in the alternative, to stay the appeals pending the outcome of this appeal. RBN Decl., ¶ 8. Since the district court closed the case, TEI can no longer pursue discovery – including the subpoenas TEI served on Reddit, Inc. and Discord, Inc. seeking the Doe defendants' personal identifying information (the "Subpoenas"), which are the subject of their appeals. *Western Benefit Solutions, LLC v. Gustin*, 2012 WL 4417190, *2 (D. Idaho Sept. 12, 2012) (discovery does not survive dismissal of an action); *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 124-125 (M.D.N.C. 1990) (same); *Rafter v. Carrier Corp.*, 309 F.Supp. 517, 518 (S.D.N.Y. 1969) (same); *see also U.S. v. Krane*, 625 F.3d

the law "preclude[s] finality where no final judgment is entered ***and*** it is clear from the course of proceedings that further adjudication is contemplated." *Disabled Rights*, 375 F.3d at 872 (original emphasis).

The present case is readily distinguishable from *Disabled Rights*. In that case, this Court emphasized that the lack of a final judgment is the most important element to the exception. *Disabled Rights*. 375 F.3d at 870 ("First, and most importantly, no final judgment was entered after the initial dismissal orders"). Unlike *Disabled Rights*¸ there is a final judgment in this case and it was filed after the JOP Order. ECF #45, 48. When "the court enter[s] a separate final judgment subsequent to the dismissal order," this Court can "be confident that the [district] court intended no further action in the case." *National Distrib.*, 117 F.3d at 434.

Further distinguishing the present case from *Disabled Rights* is that TEI did not subsequently file a motion with the district court after entry of the Judgment – nor has the district court taken any action after entry of the Judgment. In *Disabled Rights*, after entry of the so-called appealable order, the plaintiff successfully moved the district court to modify its previous order regarding joinder as to an

---

568, 573-574 (9th Cir. 2010) (relying on D.C. Circuit civil cases to apply the same principle in the criminal context). This renders the Doe defendants' appeals of the order denying their motion to quash the Subpoenas moot because the affirmance or reversal of the order will have no effect. *See Already, LLC v. Nike, Inc.*, 598 U.S. 85, 91 (2013) (a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

unserved party and label them "the indispensable party." *Disabled Rights*, 375 F.3d at 871. By granting the motion, the district court in *Disabled Rights* demonstrated it did not intend for the dismissal order to be its final act in the action. *Id.*

Rather, this case resembles *Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013). In that case, the district court issued an order that "granted summary judgment in favor of the defendants who had been served." *Id.* at 974. The only remaining party was a named defendant who was never served. *Id.* The district court entered judgment the same day. *Id.* This Court found that "[n]othing in the district court's order suggest[ed] that further adjudication was contemplated." *Id.*

Like *Crowley*, the district court in the present action entered judgment as to the served defendant only – *i.e.*, Saber. ECF #49. Also like *Crowley*, the only remaining defendants were the unserved defendants and, in this case, not even an identified defendant– *i.e.*, the Doe defendants. RBN Decl., ¶ 5. Further like *Crowley*, nothing in the JOP Order or the Judgment suggested further adjudication was contemplated. ECF #45, 49. To the contrary, since the case is now closed, TEI is unable to take any action against the Doe defendants. RBN Decl., ¶ 5.

This Court's decision in *Patchick* confirms the Judgment is final. In *Patchick*, there remained a dispute whether one of the defendants was properly served – which had to be resolved by the district court before finality (or the claims against that defendant dismissed). *Patchick*, 743 F.2d at 677. Here, it is undisputed

that the Doe defendants were not served and, since the case is closed, TEI cannot pursue its claims against them in the district court.[3] RBN Decl., ¶ 5.

Saber's remaining arguments fail. Saber's "judicial-admission" argument fails because TEI's statements in the Doe appeal addresses a different question: the appealability of Magistrate Judge Sallie Kim's April 29, 2026 order denying the Doe defendants' motion to quash (the "Quash Denial Order") in the action titled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Quash Action"). The statements concerned *where* the merits of the contributory claim against the Doe defendants would ultimately be litigated, not the finality or appealability of the Judgment.

In any event, this Court "must always decide for ***itself*** its own jurisdiction" and "will not give preclusive effect to [an] un-litigated jurisdictional statement." *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003) (original emphasis). Further, the conditions present *Gospel Missions* for a judicial admission are not present – *i.e.*, the opposing party relied on the admission and the admitting party sought to benefit from it. *Id.* Rather, the opposite is true: Saber seeks to benefit from TEI's statement about the appealability of the Quash Denial Order that was unrelated to the appealability of the Judgment. And insofar as Saber

---

[3] Nor can TEI pursue the Subpoenas that are the subject of the Doe defendants' appeals, which renders both appeals moot. *See* Fn. 2, *supra*.

invokes judicial estoppel, it is inapplicable unless TEI "succeeded in persuading a court to accept" the earlier position – which never occurred because TEI's motion to dismiss the Doe defendants' appeal was denied without prejudice. *Bock v. Washington*, 33 F.4th 1139, 1145 (9th Cir. 2022); RBN Decl., ¶ 6.

Saber's "intertwined claims" argument also fails. The only claim in which that issue could be adjudicated is the contributory infringement claim – which is asserted solely against the unserved Doe defendants and cannot proceed now that the case is closed. Since the infringement claim against Saber for the *Countdown Episode* was dismissed, there is no live vehicle in which the issue is (or will be) litigated (unless this Court reverses the Judgment). Any overlap is hypothetical and future-contingent, which does not satisfy the exception – *i.e.*, that finality is precluded only "where no final judgment is entered ***and*** it is clear from the course of proceedings that further adjudication is contemplated." *See Disabled Rights*, 375 F.3d at 872 (original emphasis). Here, a final judgment was entered and, by closing the case, no further adjudication is contemplated. *See Crowley*, 734 F.3d at 974.

Saber's "piecemeal-review" concern is illusory. The risk is present only where a second appeal on the merits from the same action is possible. Here it is not. The direct-infringement claim as to the *Countdown Episode* has been dismissed. The only surviving claim for contributory infringement is solely against the Doe defendants who have never been identified or served. RBN Decl., ¶ 5.

Since the case is now closed, no further proceedings are permitted. This case is the opposite of *Romoland School District v. Inland Empire Energy Center*, 548 F.3d 738, 747 (9th Cir. 2008) where the live claims remained to be tried.

Saber's contention that the action "remains stayed" as to the Doe defendants does not save her Motion. As the party invoking the stay to defeat finality, Saber identifies no authority – and TEI is aware of none – holding that a stay of proceedings survives the entry of a final judgment terminating the case. The reason is structural: a stay is an interlocutory order, and upon entry of the Judgment, the interlocutory stay order merged into the Judgment. *See American Ironworks & Erectors, Inc. v. North America Construction Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) (a "party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment.").

Nor does the stay order's status report provisions evidence any contemplated further adjudication. Those provisions imposed interlocutory case-management obligations that presupposed an ongoing, unresolved action. These provisions, like the stay itself, did not survive entry of the Judgment that terminated the case and closed the docket. A reporting requirement is a mechanism for managing a live case, not a reservation of jurisdiction to adjudicate the merits; nor can it convert a closed case into a pending one. Saber identifies no authority holding that a case-management reporting condition survives – much less defeats – a final judgment.

Regardless, the record refutes Saber's argument. A final decision is one that "ends the litigation" and "leaves nothing for the court to do but execute the judgment." *Geo Group*, 607 U.S. at 443. The Judgment did exactly that: it terminated the action and closed the case. By doing so, the district court left no proceeding to stay in the first instance. Saber's argument that the present action is stayed and pending is contradicted by the district court entering the Judgment and closing the case. *See* RBN Decl., ¶ 4, Exs. 1-3.

Saber's claim that FRCP Rule 54(b) certification is required also fails. Such certification is unnecessary because the Judgment disposed of all claims against ***served*** parties (*i.e.*, Saber). As demonstrated above, the fact that only the ***unserved*** Doe defendants remained does not affect finality under *Patchick* and its progeny. Indeed, "it would be rather ironic to now ask the district court" for Rule 54(b) certification for an appeal the district court authorized by entering a separate final judgment. *See James*, 283 F.3d at 1069.

## IV. CONCLUSION

For the reasons set forth herein, TEI respectfully requests that this Court deny the Motion and find that the Judgment is final under 28 U.S.C. § 1291. Alternatively, if this Court deems it necessary, TEI respectfully requests that the case be remanded to the district court for the limited purpose of dismissing the *Countdown Episode* claim with prejudice.

DATED: September 17, 2026 **Heah Bar-Nissim LLP**

By: */s/ Rom Bar-Nissim*
Rom Bar-Nissim
Attorneys for Plaintiff and Appellant Ted Entertainment, Inc.

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27(d) and Ninth Circuit Rule ("9th Cir. Rule") 27-1(1)(d), counsel certifies that this Opposition to Motion to Dismiss for Lack of Jurisdiction contains 5,067 words and is less than 20 pages, excluding the items exempted by FRAP Rule 27(a)(2)(B) and 9th Cir. Rule 27-1(1)(d).

This Opposition complies with the formatting, typeface and type styles requirements of FRAP Rules 27(d)(1)(D-E) and 32(a)(5-6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font that is double-spaced.

DATED: September 17, 2026 By: /s/ Rom Bar-Nissim

# APPENDIX 1

## (The Proposed Order ECF #46-1)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation , Plaintiff, vs. ALEXANDRA MARWA SABER p/k/a DENIMIS, an individual and DOES 1 to 10, Defendant. | Case No. 2:25-cv-05564-WLH-PD<br>*Hon. Wesley L. Hsu*<br>**[PROPOSED] ORDER GRANTING JOINT STIPULATION RE: (1) DISMISSAL OF THE "COUNTDOWN EPISODE" CLAIM WITHOUT PREJUDICE; AND (2) DEFERRING DEADLINE FOR MOTION FOR ATTORNEYS' FEES UNTIL AFTER APPEAL** |

**[PROPOSED] ORDER**

Upon consideration of the Joint Stipulation Re: (1) Dismissal of the "Countdown Episode" Claim Without Prejudice; and (2) Deferring Deadline for Motion for Attorneys' Fees Until After Appeal (the "Stipulation"), by and between by Defendant Alexandra Marwa Saber p/k/a Denims ("Denims") and Plaintiff Ted Entertainment, Inc. ("TEI") (the "Stipulation"), and for good cause shown, the Court hereby rules as follows:

1. The Stipulation is GRANTED;
2. The deadline for Denims to file her potential motion for attorneys' fees and costs shall be continued until 30 days after all appeals of this Court's June 29, 2026 order are exhausted.

DATE: ______________________

______________________________
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

# APPENDIX 2

## (The Stipulation Order ECF #48)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

TED ENTERTAINMENT, INC.,

Plaintiff,

vs.

ALEXANDRA MARWA SABER et al.,

Defendants.

Case No. 2:25-cv-05564-WLH-PD

**ORDER GRANTING JOINT STIPULATION REGARDING DISMISSAL OF THE "COUNTDOWN EPISODE" CLAIM AND DEFERRING DEADLINE FOR MOTION FOR ATTORNEYS' FEES [46]**

**ORDER**

Upon consideration of the Joint Stipulation, and finding good cause therefor, the Court hereby rules as follows:

1. Plaintiff's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby **DISMISSED** without prejudice, pursuant to FRCP 41(a)(1)(A)(ii); and
2. The deadline for Defendants to file the potential motion for attorneys' fees and costs shall be continued until 30 days after all appeals of this Court's June 29, 2026 order are exhausted.

DATE: July 13, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

# **DECLARATION OF ROM BAR-NISSIM**

I, Rom Bar-Nissim, do hereby state and declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and the Ninth Circuit Court of Appeals. I am a partner at the law firm of Heah Bar-Nissim LLP and attorney of record for Appellant-Plaintiff Ted Entertainment, Inc. ("TEI"). I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I make this declaration in support of TEI's Opposition to the Motion to Dismiss for Lack of Jurisdiction of Appellee-Defendant Alexandra Marwa Saber p/k/a Denims ("Saber").

2. On July 1, 2026, I received the district court's June 29, 2026 order granting Saber's motion for judgment on the pleadings (the "JOP Order"). The JOP Order ordered Saber to submit a proposed judgment within seven days of the JOP Order. This created a dilemma because TEI still had a direct copyright infringement claim against Saber for the work titled *Countdown to Doomsday – H3 Show #104* (the "*Countdown Episode*"). Given the short time frame to resolve the issue, TEI agreed to dismiss the remaining claim without prejudice.

3. Most important, TEI dismissed the *Countdown Episode* claim because it was not worth pursuing as a standalone claim. The *Countdown Episode* was registered with the United States Copyright Office after the alleged infringement.

Since the *Countdown Episode* constituted as an unpublished work for purposes of registration, TEI would not be entitled to attorneys' fees or statutory damages for the claim. Further, while TEI did have theories for actual damages, the costs of pursuing the claim would have likely eclipsed that amount. Finally, continuing to pursue the claim (particularly in light of the JOP Order) increased the potential risk of Saber being entitled to attorneys' fees (including the amount of those fees).

4. On July 15, 2026, I received the ECF notification that the district court entered judgment on July 13, 2026 (the "Judgment"). Upon entry of the Judgment, the district court closed the case.

a. The ECF notification for the Judgment and subsequent ECF notifications for the case state: "**WARNING: CASE CLOSED on 07/13/2026**" – *i.e.*, the date the Judgment was entered. All subsequent ECF notifications for the case contained an identical warning. A true and correct copy of the aforementioned ECF notification is attached hereto and incorporated herein as **Exhibit 1.**

b. When searching for the case on PACER, the search results note that the "Date Closed" for the case is "07/13/2026." A true and correct PDF printout of the PACER search results for the case is attached hereto and incorporated herein as **Exhibit 2**.

c. The docket report for the case on PACER also notes that the

case is “CLOSED.” A true and correct PDF printout of docket report for the case on PACER is attached hereto and incorporated herein as **Exhibit 3**.

d. The docket entry for the Judgment on the docket report states “JS-6, Case Terminated” – which is a statistical code used by the Central District of California to indicate that the matter is no longer active and has been removed from the court’s pending case list. *See* Ex. 3.

5. At the time the district court entered the Judgment, TEI had not identified or served the Doe defendants. Since the case was closed, TEI could not take any action against the Doe defendants in the district court relating to TEI’s claim of contributory infringement alleged against them related to the *Countdown Episode*. Nor can TEI pursue any discovery, including the subpoenas it issued to Reddit, Inc. and Discord, Inc. seeking the Doe defendants’ personal identifying information (collectively, the “Subpoenas”) to identify and serve them with the complaint because the case is now closed.

6. On July 3, 2026, TEI filed a motion to dismiss for lack of jurisdiction the Doe defendants’ appeal titled: *Ted Entertainment, Inc. v. Doe Defendants* (9th Cir. Case No. 26-3553) (the “Doe Defendants’ Appeal”). On August 25, 2026, this Court denied the motion without prejudice.

7. On September 8, 2026, I conducted a search on PACER for the district court proceedings of *Cincinnati Specialty Underwriters Insurance*

*Company v. Wood*, 856 Fed.Appx. 695 (9th Cir. 2021). As noted in the decision, the Eastern District of Washington case number for the case was 2:17-cv-00341-SMJ. When I conducted a PACER search for the case number, I discovered the district court case was titled: *The Cincinnati Specialty Underwriters Insurance Company v. Milionis Construction Inc. et al.* I then created a PDF printout of the docket report for the case and downloaded the expedited motion, its proposed order and the district court's order that were at issue in the appeal.

a. A true and correct PDF printout of the docket report for the district court proceedings in the aforementioned case is attached hereto and incorporated herein as **Exhibit 4.**

b. A true and correct copy of the expedited stipulated motion is attached hereto and incorporated herein as **Exhibit 5.**

c. A true and correct copy of the proposed order for the aforementioned motion is attached hereto and incorporated herein as **Exhibit 6.**

d. A true and correct copy of the district court's order granting the aforementioned motion is attached hereto and incorporated herein as **Exhibit 7.**

8. On September 15, 2026, I filed motions to dismiss in: (1) the Doe Defendants' Appeal (Dkt. No. 19.1); and (2) the Doe defendants' other appeal of

the Quash Order initiated by their petition for writ of mandamus entitled *In re Doe Defendants* (9th Cir. Case No. 26-3513) (the "Mandamus Appeal") (Dkt. No. 22.1). The motions sought dismissal based on both appeals being moot or, in the alternative, to stay both appeals pending resolution of the present appeal. Since the district court closed the case, TEI can no longer pursue discovery – including the subpoenas TEI served on Reddit, Inc. and Discord, Inc. seeking the Doe defendants' personal identifying information (the "Subpoenas"). As a result, the affirmance or reversal of the order denying the Doe defendants' motion to quash the Subpoenas (which is the subject of the Doe Defendants' Appeal and Mandamus Appeal) will have no affect on the Doe defendants.

I swear under penalty of perjury that the contents of this declaration are true and correct. Executed this 17th day of September 2026 in Los Angeles, California.

/s/ Rom Bar-Nissim

Rom Bar-Nissim

# EXHIBIT 1

Outlook

## Activity in Case 2:25-cv-05564-WLH-PD Ted Entertainment, Inc. v. Alexandra Marwa Saber et al Judgment

**From** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Date** Wed 7/15/2026 12:38 PM
**To** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

### Notice of Electronic Filing

The following transaction was entered on 7/15/2026 at 12:36 PM PDT and filed on 7/13/2026
**Case Name:** Ted Entertainment, Inc. v. Alexandra Marwa Saber et al
**Case Number:** 2:25-cv-05564-WLH-PD
**Filer:**
**WARNING: CASE CLOSED on 07/13/2026**
**Document Number:** 49

**Docket Text:**
**JUDGMENT [45] by Judge Wesley L. Hsu. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows: 1. Judgment is entered in favor of Defendant Alexandra Marwa Saber p/k/a Denims and against Plaintiff Ted Entertainment, Inc. on TEI's First Claim for Relief for Direct Copyright Infringement as to the "The Nuke." 2. Plaintiff TEI shall take nothing on its First Claim for Relief. 3. Denims, as the prevailing party, may recover costs and attorneys' fees incurred in this action by application and motion under 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and the Local Rules of this Court, subject to any forthcoming order of this Court with respect to the timing of the filing of such application and motion. (MD JS-6, Case Terminated).(lom)**

**2:25-cv-05564-WLH-PD Notice has been electronically mailed to:**

David Tiraturyan nhouston@frostllp.com, david1@frostllp.com

Benjamin Grush nhouston@frostllp.com, frosteservice@frostllp.com, bgrush@frostllp.com

Benjamin Gregory Kassis lrodriguez@frostllp.com, ben@frostllp.com, frosteservice@frostllp.com

Rom Bar-Nissim rom@heahbarnissim.com

**2:25-cv-05564-WLH-PD Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

# EXHIBIT 2

PACER Maintenance, 08/23/2026

PACER systems will undergo maintenance on Sunday, August 23, 2026 , from 7:00 a.m. to 9:00 p.m. ET. As a result, certain portions of this site may be temporarily degraded during the maintenance window.

An official website of the United States government. Here's how you know.

Log in to PACER Systems

PACER Case Locator

Party Search Results

**Search Criteria:** Party Search; Last Name: [Ted Entertainment, Inc.]; Exact Matches Only
**Result Count:** 11 (1 page)
**Current Page:** 1

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Ted Entertainment, Inc. | 0:2026cv03553 | Ted Entertainment, Inc. v. Doe Defendants | U.S. COURT OF APPEALS, NINTH CIRCUIT | 06/02/2026 | |
| Ted Entertainment, Inc. | 0:2026cv05059 | Ted Entertainment, Inc. v. Saber, et al. | U.S. COURT OF APPEALS, NINTH CIRCUIT | 08/06/2026 | |
| Ted Entertainment, Inc. (pla) | 2:2025cv05564 | Ted Entertainment, Inc. v. Alexandra Marwa Saber et al | CALIFORNIA CENTRAL DISTRICT COURT | 06/19/2025 | 07/13/2026 |
| Ted Entertainment, Inc. (pla) | 2:2026cv00754 | Ted Entertainment, Inc. et al v. Snap Inc. | CALIFORNIA CENTRAL DISTRICT COURT | 01/23/2026 | |
| Ted Entertainment, Inc. (pla) | 3:2025mc80296 | In re. Subpoenas to Reddit, Inc. and Ddiscord, Inc. | CALIFORNIA NORTHERN DISTRICT COURT | 09/22/2025 | |
| Ted Entertainment, Inc. (pla) | 5:2025cv10287 | Ted Entertainment, Inc. et al v. Nvidia Corporation | CALIFORNIA NORTHERN DISTRICT COURT | 11/26/2025 | |
| Ted Entertainment, Inc. (pla) | 4:2025cv10931 | Ted Entertainment, Inc. et al v. Meta Platforms, Inc. | CALIFORNIA NORTHERN DISTRICT COURT | 12/23/2025 | |
| Ted Entertainment, Inc. (pla) | 3:2025cv10933 | Ted Entertainment, Inc. et al v. ByteDance Inc | CALIFORNIA NORTHERN DISTRICT COURT | 12/23/2025 | |
| Ted Entertainment, Inc. (pla) | 5:2026cv02935 | Ted Entertainment, Inc. et al v. OpenAI Inc. et al | CALIFORNIA NORTHERN DISTRICT COURT | 04/03/2026 | |
| Ted Entertainment, Inc. (pla) | 3:2026cv02936 | Ted Entertainment, Inc. et al v. Apple, Inc., | CALIFORNIA NORTHERN DISTRICT COURT | 04/03/2026 | |
| Ted Entertainment, Inc. (pla) | 4:2025cv00459 | Ted Entertainment, Inc. v. Caviness et al | MISSOURI WESTERN DISTRICT COURT | 06/19/2025 | |

| PACER Service Center | 08/19/2026 13:20:18 |
|---|---|
| **User** | rbarnissim |
| **Client Code** | |
| **Description** | All Court Types Party Search |
| | All Courts; Name Ted Entertainment, Inc. Exact Matches Only; All Courts; Page: 1 |
| **Billable Pages** | 1 ($0.10) |

PACER FAQ | Privacy & Security | Contact Us

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

# EXHIBIT 3

ACCO,(PDx),APPEAL,CLOSED,DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:25-cv-05564-WLH-PD

Ted Entertainment, Inc. v. Alexandra Marwa Saber et al
Assigned to: Judge Wesley L. Hsu
Referred to: Magistrate Judge Patricia Donahue
Case in other court: 9th CCA, 26-05059
Cause: 17:501 Copyright Infringement

Date Filed: 06/19/2025
Date Terminated: 07/13/2026
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Ted Entertainment, Inc.**
*a California corporation*

represented by **Rom Bar-Nissim**
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
310-432-2836
Email: rom@heahbarnissim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alexandra Marwa Saber**
*an individual*
*formerly known as*
Marwa Talatt Abdelmonem
*other*
Denims

represented by **Benjamin Gregory Kassis**
Frost, LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: ben@frostllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Grush**
Frost LLP
10960 Wilshire Blvd, Suite 2100

Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: bgrush@frostllp.com
*ATTORNEY TO BE NOTICED*

**David Tiraturyan**
Frost LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: david1@frostllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2025 | 1 | COMPLAINT Receipt No: ACACDC-39935780 - Fee: $405, filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L) (Attorney Rom Bar-Nissim added to party Ted Entertainment, Inc.(pty:pla))(Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 2 | CIVIL COVER SHEET filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 4 | CERTIFICATE of Interested Parties filed by Plaintiff Ted Entertainment, Inc., (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 5 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 6 | NOTICE OF LODGING filed *by Plaintiff Ted Entertainment, Inc.* re Complaint (Attorney Civil Case Opening),, 1 (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/20/2025 | 7 | NOTICE OF ASSIGNMENT to District Judge Wesley L. Hsu and Magistrate Judge Patricia Donahue. (ghap) (Entered: 06/20/2025) |

| | | |
|---|---|---|
| 06/20/2025 | 8 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 9 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 10 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening),, 1 as to Defendant Alexandra Marwa Saber. (ghap) (Entered: 06/20/2025) |
| 06/26/2025 | 11 | STANDING ORDER FOR CASES ASSIGNED TO Judge Wesley L. Hsu. (hc) (Entered: 06/26/2025) |
| 07/01/2025 | 12 | PROOF OF SERVICE Executed by Plaintiff Ted Entertainment, Inc., upon Defendant Alexandra Marwa Saber served on 6/24/2025, answer due 7/15/2025. Service of the Summons and Complaint were executed upon Defendant Alexandra Marwa Saber in compliance with Federal Rules of Civil Procedure by personal service (Bar-Nissim, Rom) (Entered: 07/01/2025) |
| 07/14/2025 | 13 | Notice of Appearance or Withdrawal of Counsel: for attorney Benjamin Gregory Kassis counsel for Defendant Alexandra Marwa Saber. Adding Benjamin Gregory Kassis as counsel of record for Alexandra Marwa Saber for the reason indicated in the G-123 Notice. Filed by Defendant Alexandra Marwa Saber. (Attorney Benjamin Gregory Kassis added to party Alexandra Marwa Saber(pty:dft))(Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/14/2025 | 14 | NOTICE of Interested Parties filed by Defendant Alexandra Marwa Saber, (Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/14/2025 | 15 | STIPULATION Extending Time to Answer the complaint as to Alexandra Marwa Saber answer now due 8/14/2025, re Complaint (Attorney Civil Case Opening),, 1 filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/16/2025 | 16 | STIPULATION to Expedite Discovery filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A - Proposed Subpoena to Reddit, Inc., # 2 Exhibit Exhibit B - Proposed Subpoena to Discord, Inc., # 3 Proposed Order Proposed Order)(Bar-Nissim, Rom) (Entered: 07/16/2025) |
| 07/16/2025 | 17 | Corrected STIPULATION to Expedite Discovery filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A - Proposed Subpoena to Reddit, Inc., # 2 Exhibit Exhibit B - Proposed Subpoena to Discord, Inc., # 3 Proposed Order Proposed Order)(Bar-Nissim, Rom) (Entered: 07/16/2025) |
| 07/31/2025 | 18 | ORDER GRANTING JOINT STIPULATION RE: GRANTING PLAINTIFF LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO THE RULE 26(f) CONFERENCE 17 by Judge Wesley L. Hsu. 1. The Stipulation is GRANTED; 2. TEI may immediately serve the subpoena attached as Exhibit A to the Stipulation on third-party Reddit, Inc. ("Reddit Subpoena"), accompanied by this Order and shall include the date the Reddit Subpoena was issued and the date of compliance; and 3. TEI may immediately serve the subpoena attached as Exhibit B to the Stipulation on third-party Discord, Inc. ("Discord Subpoena"), accompanied by this Order and shall include the date the Discord Subpoena was issued and the date of compliance. (lom) (Entered: 08/01/2025) |
| 08/14/2025 | 19 | ANSWER to Complaint (Attorney Civil Case Opening),, 1 with JURY DEMAND filed by Defendant Alexandra Marwa Saber. (Kassis, Benjamin) (Entered: 08/14/2025) |
| 09/02/2025 | 20 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge Wesley L. Hsu. A Scheduling Conference is set for 9/26/2025 at 01:00 PM. See Attached Order for Details. If all parties agree to the dates in the 26(f)report, the matter will be |

| | | |
|---|---|---|
| | | taken off calendar and no appearance by counsel will be required. by Judge Wesley L. Hsu. (hc) (Entered: 09/02/2025) |
| 09/12/2025 | 21 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 5-7 days, filed by Plaintiff Ted Entertainment, Inc... (Bar-Nissim, Rom) (Entered: 09/12/2025) |
| 09/17/2025 | 22 | ORDER/REFERRAL to ADR Procedure No 1 by Judge Wesley L. Hsu. Case ordered to Magistrate Judge Patricia Donahue for Settlement Conference. ADR Proceeding to be held no later than 8/28/2026. (hc) (Entered: 09/17/2025) |
| 09/17/2025 | 23 | CIVIL PRETRIAL SCHEDULE AND TRIAL ORDER by Judge Wesley L. Hsu. The Scheduling Conference scheduled for 9/26/2025 is hereby VACATED. The pretrial schedule governing this case is set forth in the far right column labeled "Court Order" located on the parties' Schedule of Pretrial and Trial Dates Worksheet, which accompanies this Order. If the parties wish to set additional or alternative dates, they must file a stipulation and proposed order setting forth the dates requested and demonstrating good cause. Setting additional or alternative dates may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Please refer to the Court's Standing Order for Newly Assigned Civil Cases for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, settlement, and other matters pertaining to all civil cases. Schedule of Pretrial and Trial Dates Worksheet: Final Pretrial Conference set for 10/02/2026 03:00 PM; 08/17/2026 Jury Trial set for 10/26/2026 09:00 AM. See order for additional deadlines and information. (lom) (Entered: 09/17/2025) |
| 09/17/2025 | 24 | STANDING ORDER FOR MOTIONS FOR SUMMARY JUDGMENT by Judge Wesley L. Hsu. READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. (lom) (Entered: 09/17/2025) |
| 09/30/2025 | 25 | STIPULATION for Protective Order filed by Defendant Alexandra Marwa Saber.(Grush, Benjamin) (Entered: 09/30/2025) |
| 09/30/2025 | 26 | Amended STIPULATION for Protective Order filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 09/30/2025) |
| 10/02/2025 | 27 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Patricia Donahue. 25 , 26 [See document for details.] (san) (Entered: 10/02/2025) |
| 01/22/2026 | 28 | Joint STIPULATION to Stay Case filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 01/22/2026) |
| 03/02/2026 | 29 | ORDER GRANTING JOINT STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE DOE DEFENDANTS' MOTION TO QUASH 28 by Judge Wesley L. Hsu. The present action is STAYED pending final resolution of the motion to quash ("Quash Motion") filed by the Doe defendants (collectively, the"H3Snark Mods") in the action pending in the United States District Court for the Northern District of California entitled In re Subpoenas to Reddit, Inc. and Discord, Inc. (N.D. Cal. Case No.: 3:25-mc-80296-SK) (the "Quash Motion Action"). [See order for details] (lom) (Entered: 03/03/2026) |
| 03/20/2026 | 30 | Joint STIPULATION to Lift Stay FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS filed by Defendant Alexandra Marwa Saber. (Attachments: # 1 Proposed Order)(Grush, Benjamin) (Entered: 03/20/2026) |

| | | |
|---|---|---|
| 03/23/2026 | 31 | Notice of Appearance or Withdrawal of Counsel: for attorney David Tiraturyan counsel for Defendant Alexandra Marwa Saber. Adding David Tiraturyan as counsel of record for Alexandra Marwa Saber for the reason indicated in the G-123 Notice. Filed by Defendant Alexandra Marwa Saber. (Attorney David Tiraturyan added to party Alexandra Marwa Saber(pty:dft))(Tiraturyan, David) (Entered: 03/23/2026) |
| 03/30/2026 | 32 | ORDER GRANTING JOINT STIPULATION TO LIFT STAY FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS 30 by Judge Wesley L. Hsu. 1. The Stipulation is GRANTED. 2. The stay is lifted for the limited purpose of the MJOP. 3. The Parties shall meet and confer regarding a briefing schedule for the MPJOP and shall submit a proposed briefing schedule to the Court within five days of the entry of this Order. (lom) (Entered: 03/31/2026) |
| 04/02/2026 | 33 | Joint STIPULATION for Hearing re Stipulation and Order,, Set/Clear Flags, 32 , Joint STIPULATION to Correct Notice of Lodging 6 , Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 04/02/2026) |
| 04/02/2026 | 34 | NOTICE OF LODGING filed re Stipulation for Hearing,, Stipulation to Amend/Correct, 33 (Bar-Nissim, Rom) (Entered: 04/02/2026) |
| 04/17/2026 | 35 | NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint filed by Defendant Alexandra Marwa Saber. Motion set for hearing on 6/5/2026 at 01:30 PM before Judge Wesley L. Hsu. (Attachments: # 1 Declaration of Benjamin Kassis, # 2 Proposed Order Proposed Order) (Kassis, Benjamin) (Entered: 04/17/2026) |
| 05/01/2026 | 36 | OPPOSITION to NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/01/2026 | 37 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Declaration)(Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/01/2026 | 38 | NOTICE OF LODGING filed re Response in Opposition to Motion 36 , Request for Judicial Notice, 37 (Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/08/2026 | 39 | REPLY Support NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Defendant Alexandra Marwa Saber. (Kassis, Benjamin) (Entered: 05/08/2026) |
| 05/11/2026 | 40 | STATUS REPORT *PURSUANT TO THE COURT'S MARCH 2, 2026 ORDER [DKT. NO. 29]* filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit)(Bar-Nissim, Rom) (Entered: 05/11/2026) |
| 06/03/2026 | 41 | SCHEDULING NOTICE AND (IN CHAMBERS) ORDER CHANGING THE TIME OF THE MOTION for Judgment on the Pleadings as to Complaint 35 scheduled for 6/05/2026 by Judge Wesley L. Hsu: The Court, on its own motion, changes the time to 2:15 PM. The hearing will proceed in-person at the First Street Courthouse, Courtroom 9B. IT IS SO ORDERED.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cgm) TEXT ONLY ENTRY (Entered: 06/03/2026) |
| 06/05/2026 | 42 | MINUTES OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COMPLAINT 35 Hearing held before Judge Wesley L. Hsu. The Court's Tentative Ruling was issued on June 4, 2026, and reviewed by counsel. The Court |

| | | |
|---|---|---|
| | | heard oral argument. The Court took the matter UNDER SUBMISSION and a ruling will be issued. Court Recorder: CourtSmart. (lom) (Entered: 06/05/2026) |
| 06/06/2026 | 43 | COMPACT DISC Order for date of proceedings 06/05/2026 to 06/05/2026 filed by Plaintiff Ted Entertainment, Inc.. Court will contact Rom Bar-Nissim at Rom@HeahBarNissim.com with any questions regarding this order. Transcript portion requested: Pre-Trial Proceeding: Hearing for Motion for Judgement on the Pleadings on June 5, 2026. FEE PAID. (Bar-Nissim, Rom) (Entered: 06/06/2026) |
| 06/10/2026 | 44 | STATUS REPORT *PURSUANT TO THE COURT'S MARCH 2, 2026 ORDER [DKT. NO. 29]* filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/10/2026) |
| 06/29/2026 | 45 | MINUTES (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 35 by Judge Wesley L. Hsu Granting 35 MOTION: For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings. The Court ORDERS Defendant to prepare and submit a proposed Judgment in this matter within seven (7) days of this Order. (see document for further details) (bm) (Entered: 07/01/2026) |
| 07/06/2026 | 46 | STIPULATION for Extension of Time to File Motion for Attorneys' Fees and Costs filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 07/06/2026) |
| 07/06/2026 | 47 | NOTICE OF LODGING filed *[Proposed Judgment]* re Order on Motion for Judgment on the Pleadings, 45 (Attachments: # 1 Proposed Judgment)(Kassis, Benjamin) (Entered: 07/06/2026) |
| 07/13/2026 | 48 | ORDER GRANTING JOINT STIPULATION REGARDING DISMISSAL OF THE "COUNTDOWN EPISODE" CLAIM AND DEFERRING DEADLINE FOR MOTION FOR ATTORNEYS' FEES 46 by Judge Wesley L. Hsu. The Court hereby rules as follows: 1. Plaintiff's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby DISMISSED without prejudice, pursuant to FRCP 41(a)(1)(A)(ii); and 2. The deadline for Defendants to file the potential motion for attorneys' fees and costs shall be continued until 30 days after all appeals of this Court's June 29, 2026 order are exhausted. (lom) (Entered: 07/14/2026) |
| 07/13/2026 | 49 | JUDGMENT 45 by Judge Wesley L. Hsu. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows: 1. Judgment is entered in favor of Defendant Alexandra Marwa Saber p/k/a Denims and against Plaintiff Ted Entertainment, Inc. on TEI's First Claim for Relief for Direct Copyright Infringement as to the "The Nuke." 2. Plaintiff TEI shall take nothing on its First Claim for Relief. 3. Denims, as the prevailing party, may recover costs and attorneys' fees incurred in this action by application and motion under 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and the Local Rules of this Court, subject to any forthcoming order of this Court with respect to the timing of the filing of such application and motion. (MD JS-6, Case Terminated). (lom) (Entered: 07/15/2026) |
| 07/13/2026 | 50 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright. (Closing) (Attachments: # 1 Judgment) (lom) (Entered: 07/15/2026) |
| 08/04/2026 | 51 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff Ted Entertainment, Inc.. Appeal of Judgment,,, 49 , Order on Motion for Judgment on the Pleadings, 45 . (Appeal Fee - $605 Fee Paid, Receipt No. ACACDC-42969680.) (Bar-Nissim, Rom) (Entered: 08/04/2026) |

| | | |
|---|---|---|
| 08/06/2026 | 53 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 26-5059 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 51 as to Plaintiff Ted Entertainment, Inc. (iv) (Entered: 08/08/2026) |
| 08/07/2026 | 52 | TRANSCRIPT ORDER re: Court of Appeals case number 26-5059, as to Plaintiff Ted Entertainment, Inc. for Court Smart (CS). Court will contact Rom Bar-Nissim at Rom@HeahBarNissim.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bar-Nissim, Rom) (Entered: 08/07/2026) |
| 08/19/2026 | 54 | TRANSCRIPT for proceedings held on 6/5/2026 2:05 p.m. Court Reporter/Electronic Court Recorder: JAMS Certified Transcription, phone number (661) 609-4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/9/2026. Redacted Transcript Deadline set for 9/21/2026. Release of Transcript Restriction set for 11/17/2026. (ym) (Entered: 08/19/2026) |
| 08/19/2026 | 55 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/5/2026 2:05 p.m re Transcript 54 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ym) TEXT ONLY ENTRY (Entered: 08/19/2026) |

## PACER Service Center

### Transaction Receipt

| 08/19/2026 11:20:45 | | | |
|---|---|---|---|
| **PACER Login:** | rbarnissim | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-05564-WLH-PD End date: 8/19/2026 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# EXHIBIT 4

CLOSED,JURY,LC01,NC

# U.S. District Court
# Eastern District of Washington (Spokane)
# CIVIL DOCKET FOR CASE #: 2:17-cv-00341-SMJ

The Cincinnati Specialty Underwriters Insurance Company v. Milionis Construction Inc et al
Assigned to: Circuit Judge Salvador Mendoza
Case in other court: 9CCA, 18-36065
9CCA, 20-35124
Cause: 28:1332 Diversity

Date Filed: 09/29/2017
Date Terminated: 01/23/2020
Jury Demand: Defendant
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**Plaintiff**

**The Cincinnati Specialty Underwriters Insurance Company**
*an Ohio corporation*

represented by **Gary A Sparling**
Soha & Lang PS
1325 Fourth Avenue
Suite 2000
Seattle, WA 98101
206-624-1800
Fax: 206-624-3585
Email: sparling@sohalang.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah E Davenport**
Soha & Lang PS
1325 Fourth Avenue
Suite 2000
Seattle, WA 98101-2570
206-624-1800
Fax: 206-624-3585
Email: sdavenport@nicollblack.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Milionis Construction Inc**
*a Washington Corporation*

represented by **Milionis Construction Inc**
c/o Stephen Milionis
6209 South Dearborn Road
Spokane, WA 99223
PRO SE

**Brian Scott Sheldon**
Phillabaum Ledlin Matthews & Sheldon PLLC
1235 N. Post Street
Suite 100
Spokane, WA 99201
509-838-6055
Fax: 509-625-1909
*TERMINATED: 07/09/2018*

**Brook L Cunningham**
Randall Danskin
601 West First Avenue
Suite 800
Spokane, WA 99201
509-747-2052
Email: blc@randalldanskin.com
*TERMINATED: 12/19/2017*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Milionis**
*an Individual*

represented by **Stephen Milionis**
Milionis Construction Inc
6209 South Dearborn Road
Spokane, WA 99223
PRO SE

**Brian Scott Sheldon**
(See above for address)
*TERMINATED: 07/09/2018*

**Brook L Cunningham**

(See above for address)
*TERMINATED: 12/19/2017*

**Defendant**

**Jeffrey Wood**
*husband, and the marital community composed thereof*

represented by

**Kevin W Roberts**
Roberts Freeborn PLLC
120 N Stevens Street
Suite 300
Spokane, WA 99201
509-381-5262
Fax: 509-473-9026
Email: kevin@robertsfreebourn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Dunn**
Dunn & Black PS
111 North Post
Suite 300
Spokane, WA 99201
509-455-8711
Fax: 509-455-8734
Email: bdunn@dunnandblack.com
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan D Poole**
Dunn & Black PS
111 North Post
Suite 300
Spokane, WA 99201
509-455-8711
Fax: 509-455-8734
Email: rpoole@dunnandblack.com
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anna Wood**
*wife, and the marital community composed thereof*

represented by **Kevin W Roberts**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Dunn**
(See above for address)
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan D Poole**
(See above for address)
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Anna Wood**
*wife, and the marital community composed thereof*

represented by **Kevin W Roberts**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Dunn**
(See above for address)
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan D Poole**
(See above for address)
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Jeffrey Wood**
*husband, and the marital community composed thereof*

represented by **Kevin W Roberts**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Dunn**
(See above for address)
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan D Poole**
(See above for address)
*TERMINATED: 03/11/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**The Cincinnati Specialty Underwriters Insurance Company**
*an Ohio corporation*

represented by **Gary A Sparling**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Milionis Construction Inc**
*a Washington Corporation*

represented by **Brian Scott Sheldon**
(See above for address)
*TERMINATED: 07/09/2018*

**Brook L Cunningham**
(See above for address)
*TERMINATED: 12/19/2017*

**Counter Claimant**

**Stephen Milionis**
*an Individual*

represented by **Brian Scott Sheldon**
(See above for address)
*TERMINATED: 07/09/2018*

**Brook L Cunningham**
(See above for address)
*TERMINATED: 12/19/2017*

V.

**Counter Defendant**

**The Cincinnati Specialty Underwriters Insurance Company**
*an Ohio corporation*

represented by **Gary A Sparling**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah E Davenport**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2017 | 1 | COMPLAINT against All Defendants. Filing Fee $400 Paid, Receipt #0980-2719260. Filed by The Cincinnati Specialty Underwriters Insurance Company. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(Sparling, Gary) Modified on 9/29/2017 to add receipt number (PL, Case Administrator). (Entered: 09/29/2017) |
| 09/29/2017 | | Notice of Judge Assignment. Judge Salvador Mendoza, Jr assigned to case. (CV, Case Administrator) (Entered: 09/29/2017) |
| 09/29/2017 | 2 | Summons Issued as to Stephen Milionis, Milionis Construction Inc, Anna Wood, Jeffrey Wood. (Attachments: # 1 Stephen Milionis Summons, # 2 Anna Wood Summons, # 3 Jeffrey Wood Summons)(CV, Case Administrator) (Entered: 09/29/2017) |
| 10/10/2017 | 3 | SUMMONS Returned Executed by The Cincinnati Specialty Underwriters Insurance Company re Anna Wood. (Sparling, Gary) (Entered: 10/10/2017) |
| 10/10/2017 | 4 | SUMMONS Returned Executed by The Cincinnati Specialty Underwriters Insurance Company re Jeffrey Wood. (Sparling, Gary) (Entered: 10/10/2017) |
| 10/10/2017 | 5 | SUMMONS Returned Executed by The Cincinnati Specialty Underwriters Insurance Company re Milionis Construction Inc. (Sparling, Gary) (Entered: 10/10/2017) |
| 10/10/2017 | 6 | SUMMONS Returned Executed by The Cincinnati Specialty Underwriters Insurance Company re Stephen Milionis. (Sparling, Gary) (Entered: 10/10/2017) |
| 10/26/2017 | 7 | NOTICE of Appearance by Brook L Cunningham on behalf of Stephen Milionis, Milionis Construction Inc (Attorney Brook L Cunningham added to party Stephen Milionis(pty:dft), Attorney Brook L Cunningham added to party Milionis Construction Inc(pty:dft))(Cunningham, Brook) (Entered: 10/26/2017) |
| 10/30/2017 | 8 | NOTICE of Appearance by Robert A Dunn on behalf of Anna Wood, Jeffrey Wood (Attorney Robert A Dunn added to party Anna Wood(pty:dft), Attorney Robert A Dunn added to party Jeffrey Wood(pty:dft))(Dunn, Robert) (Entered: 10/30/2017) |

| | | |
|---|---|---|
| 10/30/2017 | 9 | NOTICE of Appearance by Ryan D Poole on behalf of Anna Wood, Jeffrey Wood (Attorney Ryan D Poole added to party Anna Wood(pty:dft), Attorney Ryan D Poole added to party Jeffrey Wood(pty:dft))(Poole, Ryan) (Entered: 10/30/2017) |
| 10/30/2017 | 10 | *Defendants Wood's* ANSWER to Complaint with jury demand. *Affirmative Defenses*, COUNTERCLAIM against The Cincinnati Specialty Underwriters Insurance Company by Anna Wood, Jeffrey Wood.(Poole, Ryan) (Entered: 10/30/2017) |
| 11/14/2017 | 11 | ANSWER to Counterclaim by The Cincinnati Specialty Underwriters Insurance Company.(Sparling, Gary) (Entered: 11/14/2017) |
| 11/14/2017 | 12 | SCHEDULING CONFERENCE NOTICE : **Telephonic Scheduling Conference set for 12/20/2017 at 08:40 AM** before Judge Salvador Mendoza Jr. (Attachments: # 1 Consent to Proceed before a Magistrate Judge form)(DB, Courtroom Deputy) (Entered: 11/14/2017) |
| 12/04/2017 | 13 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/04/2017) |
| 12/05/2017 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT by Milionis Construction Inc. (Cunningham, Brook) (Entered: 12/05/2017) |
| 12/06/2017 | 15 | NOTICE of Compliance With Scheduling Order by Anna Wood, Jeffrey Wood (Poole, Ryan) (Entered: 12/06/2017) |
| 12/06/2017 | 16 | NOTICE of Compliance With Scheduling Order by The Cincinnati Specialty Underwriters Insurance Company (Sparling, Gary) (Entered: 12/06/2017) |
| 12/06/2017 | 17 | Joint Certificate Pursuant to LR 26.1 / LR 16.1 by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/06/2017) |
| 12/11/2017 | 18 | NOTICE of Appearance by Sarah E Davenport on behalf of The Cincinnati Specialty Underwriters Insurance Company (Attorney Sarah E Davenport added to party The Cincinnati Specialty Underwriters Insurance Company(pty:pla))(Davenport, Sarah) (Entered: 12/11/2017) |
| 12/14/2017 | 19 | NOTICE of Compliance With Scheduling Order by Stephen Milionis, Milionis Construction Inc (Cunningham, Brook) (Entered: 12/14/2017) |
| 12/19/2017 | 20 | NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL on behalf of Defendants Stephen Milionis, Milionis Construction Inc. Attorney Brook L. Cunningham is withdrawing. Brian Scott Sheldon is substituted as counsel for Defendants. (Attorney Brian Scott Sheldon added to party Stephen Milionis(pty:dft), Attorney Brian Scott Sheldon added to party Milionis Construction Inc(pty:dft))(Sheldon, Brian) (Entered: 12/19/2017) |
| 12/20/2017 | 21 | Minute Entry for TELEPHONIC proceedings held before Judge Salvador Mendoza, Jr: Scheduling Conference held on 12/20/2017. (Reported/Recorded by: Kimberly Allen) (DB, Courtroom Deputy) (Entered: 12/20/2017) |
| 12/26/2017 | 22 | *Defendants Milionis'* ANSWER to Complaint with jury demand. *Affirmative Defenses*, COUNTERCLAIM against All Plaintiffs by Milionis Construction Inc, Stephen Milionis.(Sheldon, Brian) (Entered: 12/26/2017) |

| | | |
|---|---|---|
| 12/27/2017 | 23 | SCHEDULING ORDER: Pretrial Conference set for **12/18/2018** at **11:00 AM** in Spokane Courtroom 755. Final Pretrial Conference set for **1/14/2019** at **08:30 AM** in Spokane Courtroom 755. Jury Trial set for **1/14/2019** at **09:00 AM** in Spokane Courtroom 755. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 12/27/2017) |
| 01/16/2018 | 24 | ANSWER to Counterclaim by The Cincinnati Specialty Underwriters Insurance Company.(Sparling, Gary) (Entered: 01/16/2018) |
| 01/16/2018 | 25 | Amended Certificate of Service filed by The Cincinnati Specialty Underwriters Insurance Company: Re 24 Answer to Counterclaim. (Sparling, Gary) (Entered: 01/16/2018) |
| 01/30/2018 | 26 | MOTION to Stay *Proceedings* by Stephen Milionis, Milionis Construction Inc. Motion Hearing set for **3/1/2018** at **6:30 PM** Without Oral Argument before Judge Salvador Mendoza Jr. (Sheldon, Brian) (Entered: 01/30/2018) |
| 02/02/2018 | 27 | NOTICE of Unavailability of Counsel by Stephen Milionis, Milionis Construction Inc (Sheldon, Brian) (Entered: 02/02/2018) |
| 02/13/2018 | 28 | MEMORANDUM in Opposition re 26 MOTION to Stay *Proceedings* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 02/13/2018) |
| 02/13/2018 | 29 | DECLARATION of Gary Sparling re 28 Memorandum in Opposition to Motion by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 02/13/2018) |
| 02/16/2018 | 30 | REPLY MEMORANDUM re 26 MOTION to Stay *Proceedings* filed by Stephen Milionis, Milionis Construction Inc. (Sheldon, Brian) (Entered: 02/16/2018) |
| 02/16/2018 | 31 | AFFIDAVIT by Brian Sheldon in Support re 26 MOTION to Stay *Proceedings* filed by Stephen Milionis, Milionis Construction Inc. (Sheldon, Brian) (Entered: 02/16/2018) |
| 03/13/2018 | 32 | MOTION for Summary Judgment by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **6/19/2018** at **11:00 AM** in Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (Attachments: # 1 Appendix ProBuilders Specialty v. Phoenix Contracting, Inc., et al.)(Sparling, Gary) (Entered: 03/13/2018) |
| 03/13/2018 | 33 | STATEMENT OF *Material* FACTS re 32 MOTION for Summary Judgment filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 03/13/2018) |
| 03/13/2018 | 34 | DECLARATION by Gary Sparling in Support re 32 MOTION for Summary Judgment filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 03/13/2018) |
| 03/15/2018 | 35 | Joint MOTION to Extend Deadlines *on Plaintiff's Motion for Summary Judgment [Dkt. Nos. 32-34]* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **4/16/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 03/15/2018) |
| 03/16/2018 | 36 | NOTICE of Hearing on Motion - By Court - Text entry;no PDF document. re 32 MOTION for Summary Judgment :At the request of plaintiff's counsel Motion hearing currently set for 06/19/2018 with oral argument is **RESET** Motion Hearing is now set for **6/19/2018** at **06:30 PM** Without Oral Argument before Judge Salvador Mendoza Jr. (DB, Courtroom Deputy) (Entered: 03/16/2018) |

| | | |
|---|---|---|
| 03/19/2018 | 37 | **ORDER:** The parties' Joint Motion to Modify the Briefing Dates on Plaintiff's Motion for Summary Judgment [Dkt. Nos. 32-34], **ECF No. 35** is **GRANTED.** The following briefing deadlines are RESET as follows: Defendants' **response** to Plaintiff's Motion for Summary Judgment, ECF No. 32 shall be filed no later than **April 19, 2018.** Plaintiff's reply shall be filed no later than **May 3, 2018.** Signed by Judge Salvador Mendoza, Jr. THIS IS A TEXT-ONLY ENTRY; NO PDF WILL FOLLOW; THIS ENTRY CONSTITUTES THE COURT'S RULING/NOTICE ON THE MATTER. (DB, Courtroom Deputy) (Entered: 03/19/2018) |
| 03/20/2018 | 38 | MOTION FRCP 56(d) to stay by Stephen Milionis, Milionis Construction Inc. Motion Hearing set for **4/20/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sheldon, Brian) (Entered: 03/20/2018) |
| 03/20/2018 | 39 | DECLARATION by Shane McFetridge in Support re 38 MOTION FRCP 56(d) to stay *summary judgment hearing* filed by Stephen Milionis, Milionis Construction Inc. (Sheldon, Brian) (Entered: 03/20/2018) |
| 04/03/2018 | 40 | ORDER RULING ON MOTION TO STAY AND FRCP 56(d) MOTION FOR EXTENSION denying 38 Motion FRCP 56(d) ; denying 26 Motion to Stay. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 04/03/2018) |
| 04/24/2018 | 41 | SUPPLEMENT *Authority in Support of Plaintiff's Motion for Summary Judgment ECF No. 32* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 04/24/2018) |
| 05/02/2018 | 42 | NOTICE of Hearing - Text entry;no PDF document. - By Court: **DUE TO SCHEDULING CONFLICTS WITH THE COURT'S CALENDAR - Change in Time Only** Pretrial Conference currently set for 12/18/2018 at 11:00 AM is **RESET** for **12/18/2018** at **10:00 AM** in Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (DB, Courtroom Deputy) (Entered: 05/02/2018) |
| 05/15/2018 | 43 | NOTICE of Compliance With Scheduling Order by The Cincinnati Specialty Underwriters Insurance Company (Sparling, Gary) (Entered: 05/15/2018) |
| 06/04/2018 | 44 | RESPONSE to Motion re 32 MOTION for Summary Judgment filed by Milionis Construction Inc. (Sheldon, Brian) (Entered: 06/04/2018) |
| 06/04/2018 | 45 | STATEMENT OF FACTS re 32 MOTION for Summary Judgment filed by Milionis Construction Inc. (Sheldon, Brian) (Entered: 06/04/2018) |
| 06/04/2018 | 46 | AFFIDAVIT by Brian Sheldon in Opposition re 32 MOTION for Summary Judgment *in Support of Milionis' Statement of Facts* filed by Milionis Construction Inc. (Sheldon, Brian) (Entered: 06/04/2018) |
| 06/04/2018 | 47 | OBJECTIONS re 33 Statement of Facts *filed by Plaintiff* by Milionis Construction Inc. (Sheldon, Brian) (Entered: 06/04/2018) |
| 06/04/2018 | 48 | Praecipe filed by Milionis Construction Inc: Re 44 Response to Motion, 32 MOTION for Summary Judgment . Description: undated signature page and certificate of service. (Sheldon, Brian) (Entered: 06/04/2018) |
| 06/04/2018 | 49 | Praecipe filed by Milionis Construction Inc: Re 32 MOTION for Summary Judgment , 45 Statement of Facts. Description: to correct undated signature page and Certificate of Service. (Sheldon, Brian) (Entered: 06/04/2018) |

| | | |
|---|---|---|
| 06/04/2018 | 50 | Praecipe filed by Milionis Construction Inc: Re 46 Affidavit in Opposition to Motion. Description: to correct undated Certificate of Service. (Sheldon, Brian) (Entered: 06/04/2018) |
| 06/05/2018 | 51 | RESPONSE to Motion re 32 MOTION for Summary Judgment filed by Anna Wood, Jeffrey Wood. (Poole, Ryan) (Entered: 06/05/2018) |
| 06/05/2018 | 52 | STATEMENT OF FACTS re 32 MOTION for Summary Judgment filed by Anna Wood, Jeffrey Wood. (Poole, Ryan) (Entered: 06/05/2018) |
| 06/05/2018 | 53 | DECLARATION by Ryan D. Poole in Opposition re 32 MOTION for Summary Judgment filed by Anna Wood, Jeffrey Wood. (Attachments: # 1 Exhibit A, pp. 5-12, # 2 Exhibit B, pp. 13-17, # 3 Exhibit C, pp. 18-20)(Poole, Ryan) (Entered: 06/05/2018) |
| 06/08/2018 | 54 | Praecipe filed by Anna Wood, Jeffrey Wood: Re 53 Declaration in Opposition to Motion, 32 MOTION for Summary Judgment . Description: Exhibit correction. (Attachments: # 1 Exhibit A, pp. 5-12, # 2 Exhibit B, pp. 13-69, # 3 Exhibit C, pp. 70-72) (Poole, Ryan) (Entered: 06/08/2018) |
| 06/11/2018 | 55 | MOTION to Expedite *hearing to extend deadline to disclose expert witnesses* by Stephen Milionis, Milionis Construction Inc, Anna Wood. Motion Hearing set for **6/13/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sheldon, Brian) (Entered: 06/11/2018) |
| 06/11/2018 | 56 | Joint MOTION for Extension of Time to File *Expert Disclosure* by Stephen Milionis, Milionis Construction Inc, Anna Wood. Motion Hearing set for **6/13/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sheldon, Brian) (Entered: 06/11/2018) |
| 06/11/2018 | 57 | DECLARATION by Ryan D. Poole in Support re 56 Joint MOTION for Extension of Time to File *Expert Disclosure* filed by Stephen Milionis, Milionis Construction Inc, Anna Wood. (Sheldon, Brian) (Entered: 06/11/2018) |
| 06/11/2018 | 58 | CERTIFICATE OF SERVICE as to 57 Declaration in Support of Motion filed by Stephen Milionis. (Sheldon, Brian) (Entered: 06/11/2018) |
| 06/13/2018 | 59 | RESPONSE to Motion re 56 Joint MOTION for Extension of Time to File *Expert Disclosure* filed by The Cincinnati Specialty Underwriters Insurance Company(an Ohio corporation). (Sparling, Gary) (Entered: 06/13/2018) |
| 06/13/2018 | 60 | DECLARATION by Gary Sparling in Opposition re 56 Joint MOTION for Extension of Time to File *Expert Disclosure* filed by The Cincinnati Specialty Underwriters Insurance Company(an Ohio corporation). (Sparling, Gary) (Entered: 06/13/2018) |
| 06/14/2018 | 61 | ORDER GRANTING ECF No. 56 DEFENDANT'S MOTION TO CONTINUE EXPERT DISCLOSURE DEADLINE; denied as moot ECF No. 55 Motion to Expedite. Signed by Judge Salvador Mendoza, Jr. (TR, Case Administrator) (Entered: 06/14/2018) |
| 06/18/2018 | 62 | REPLY MEMORANDUM re 32 MOTION for Summary Judgment filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 06/18/2018) |
| 06/21/2018 | 63 | ORDER Denying 32 Plaintiff's Motion for Summary Judgment. Signed by Judge Salvador Mendoza, Jr. (CV, Case Administrator) (Entered: 06/21/2018) |

| | | |
|---|---|---|
| 06/21/2018 | 64 | **ORDER:** The Court previously extended Defendants' expert disclosure deadline to July 20, 2018, ECF No. 61. To accommodate this extension, the Court hereby extends Plaintiff's rebuttal expert disclosure deadline to **July 27, 2018.** All other deadlines and procedures set forth in the Court's scheduling order, ECF No. 23 , remain in effect. Signed by Judge Salvador Mendoza, Jr. THIS IS A TEXT ONLY ENTRY. NO PDF TO FOLLOW. THIS CONSTITUTES THE COURT'S RULING/NOTICE ON THE MATTER.(DB, Courtroom Deputy) (Entered: 06/21/2018) |
| 06/25/2018 | 65 | MOTION to Withdraw as Attorney (atty Brian Sheldon) by Stephen Milionis, Milionis Construction Inc. Motion Hearing set for **7/25/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sheldon, Brian) (Entered: 06/25/2018) |
| 06/25/2018 | 66 | AFFIDAVIT by Brian Sheldon in Support re 65 MOTION to Withdraw as Attorney (atty Brian Sheldon) filed by Stephen Milionis, Milionis Construction Inc. (Sheldon, Brian) (Entered: 06/25/2018) |
| 06/29/2018 | 67 | RESPONSE to Motion re 65 MOTION to Withdraw as Attorney (atty Brian Sheldon) filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 06/29/2018) |
| 07/06/2018 | 68 | REPLY MEMORANDUM re 65 MOTION to Withdraw as Attorney (atty Brian Sheldon) filed by Stephen Milionis, Milionis Construction Inc. (Sheldon, Brian) (Entered: 07/06/2018) |
| 07/06/2018 | 69 | AFFIDAVIT by Brian Sheldon in Support re 65 MOTION to Withdraw as Attorney (atty Brian Sheldon) filed by Stephen Milionis, Milionis Construction Inc. (Sheldon, Brian) (Entered: 07/06/2018) |
| 07/09/2018 | 70 | ORDER GRANTING 65 DEFENDANTS' COUNSEL BRIAN SHELDON'S MOTION TO WITHDRAW. Attorney Brian Scott Sheldon terminated. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 07/09/2018) |
| 07/11/2018 | 71 | Joint MOTION for Extension of Time to Complete Discovery *and Related Deadlines* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **8/10/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 07/11/2018) |
| 07/12/2018 | 72 | ORDER GRANTING 71 MOTION TO CONTINUE SCHEDULING ORDER DEADLINES. Pretrial Conference RESET in time only for **12/18/2018** at **11:00 AM** in Spokane Courtroom 755. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 07/12/2018) |
| 07/20/2018 | 73 | NOTICE of Compliance With Scheduling Order by Anna Wood, Jeffrey Wood (Poole, Ryan) (Entered: 07/20/2018) |
| 07/27/2018 | 74 | NOTICE of Compliance With Scheduling Order by The Cincinnati Specialty Underwriters Insurance Company (Sparling, Gary) (Entered: 07/27/2018) |
| 08/23/2018 | 75 | Stipulated MOTION FOR IN CAMERA REVIEW by Anna Wood, Jeffrey Wood. Motion Hearing set for **9/24/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Attachments: # 1 Exhibit 1, pp. 10-12, # 2 Exhibit 2, pp. 13-15, # 3 Text of Proposed Order)(Poole, Ryan) (Entered: 08/23/2018) |
| 09/11/2018 | 76 | ORDER GRANTING 75 STIPULATED MOTION FOR *IN CAMERA* REVIEW. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 09/11/2018) |
| 09/19/2018 | 78 | ORDER RE: *IN CAMERA* REVIEW. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 09/19/2018) |

| | | |
|---|---|---|
| 09/26/2018 | 79 | NOTICE of Compliance With Scheduling Order by The Cincinnati Specialty Underwriters Insurance Company (Sparling, Gary) (Entered: 09/26/2018) |
| 09/26/2018 | 80 | NOTICE by Anna Wood, Jeffrey Wood *of To-Be Adjudicated Claims and Affirmative Defenses* (Poole, Ryan) (Entered: 09/26/2018) |
| 10/09/2018 | 81 | MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **11/28/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 82 | STATEMENT OF *Material* FACTS re 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 83 | DECLARATION by Gary Sparling in Support re 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 84 | MOTION for Partial Summary Judgment *Re Breach of Policy Condition* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **11/28/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 85 | STATEMENT OF *Material* FACTS re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 86 | DECLARATION by Gary Sparling in Support re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 87 | MOTION for Partial Summary Judgment *Re Coverage* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **11/28/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Attachments: # 1 Appendix 10 pages) (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 88 | STATEMENT OF *Material* FACTS re 87 MOTION for Partial Summary Judgment *Re Coverage* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 10/09/2018) |
| 10/09/2018 | 89 | DECLARATION by Gary Sparling in Support re 87 MOTION for Partial Summary Judgment *Re Coverage* filed by The Cincinnati Specialty Underwriters Insurance Company. (Attachments: # 1 Exhibit pages 6-105, # 2 Exhibit pages 106-236) (Sparling, Gary) (Entered: 10/09/2018) |
| 10/30/2018 | 90 | RESPONSE to Motion re 87 MOTION for Partial Summary Judgment *Re Coverage* filed by All Defendants. (Poole, Ryan) (Entered: 10/30/2018) |
| 10/30/2018 | 91 | STATEMENT OF FACTS re 87 MOTION for Partial Summary Judgment *Re Coverage* filed by All Defendants. (Poole, Ryan) (Entered: 10/30/2018) |

| | | |
|---|---|---|
| 10/30/2018 | 92 | DECLARATION by Ryan D. Poole in Opposition re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition*, 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act*, 87 MOTION for Partial Summary Judgment *Re Coverage* filed by All Defendants. (Attachments: # 1 Exhibit 1, pp. 7-25, # 2 Exhibit 2, pp. 26-45, # 3 Exhibit 3, pp. 46-50, # 4 Exhibit 4, pp. 51-60, # 5 Exhibit 5, pp. 61-135, # 6 Exhibit 6, pp. 136-157, # 7 Exhibit 7, pp. 158-267, # 8 Exhibit 8, pp. 268-277, # 9 Exhibit 9, pp. 278-285, # 10 Exhibit 10, pp. 286-291, # 11 Exhibit 11, pp. 292-294, # 12 Exhibit 12, pp. 295-307, # 13 Exhibit 13, pp. 308-316, # 14 Exhibit 14, pp. 317-363, # 15 Exhibit 15, pp. 364-366, # 16 Exhibit 16, pp. 367-422, # 17 Exhibit 17, pp. 423-437, # 18 Exhibit 18, pp. 438-440)(Poole, Ryan) (Entered: 10/30/2018) |
| 10/30/2018 | 93 | DECLARATION by Peter J. Johnson in Opposition re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition*, 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act*, 87 MOTION for Partial Summary Judgment *Re Coverage* filed by All Defendants. (Attachments: # 1 Exhibit A, pp. 7-15)(Poole, Ryan) (Entered: 10/30/2018) |
| 10/30/2018 | 94 | RESPONSE to Motion re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition*, 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by All Defendants. (Poole, Ryan) (Entered: 10/30/2018) |
| 10/30/2018 | 95 | STATEMENT OF FACTS re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition*, 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by All Defendants. (Poole, Ryan) (Entered: 10/30/2018) |
| 10/31/2018 | 96 | DECLARATION by Ryan D. Poole in Opposition re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition*, 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act*, 87 MOTION for Partial Summary Judgment *Re Coverage SUPPLEMENTAL* filed by All Defendants. (Attachments: # 1 Exhibit 19, pp. 5-7)(Poole, Ryan) (Entered: 10/31/2018) |
| 11/07/2018 | 97 | REPLY MEMORANDUM re 87 MOTION for Partial Summary Judgment *Re Coverage* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/07/2018) |
| 11/07/2018 | 98 | STATEMENT OF *Supplemental Material* FACTS re 87 MOTION for Partial Summary Judgment *Re Coverage* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/07/2018) |
| 11/09/2018 | 99 | REPLY MEMORANDUM re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/09/2018) |
| 11/09/2018 | 100 | Witness List by All Defendants. (Poole, Ryan) (Entered: 11/09/2018) |
| 11/09/2018 | 101 | Exhibit List by All Defendants. (Poole, Ryan) (Entered: 11/09/2018) |
| 11/09/2018 | 102 | Witness List by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/09/2018) |
| 11/09/2018 | 103 | Exhibit List by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/09/2018) |

| | | |
|---|---|---|
| 11/13/2018 | 104 | REPLY MEMORANDUM re 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/13/2018) |
| 11/13/2018 | 105 | STATEMENT OF *Supplemental Material* FACTS re 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/13/2018) |
| 11/13/2018 | 106 | DECLARATION by Gary Sparling in Support re 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/13/2018) |
| 11/14/2018 | 107 | **ORDER:** Pursuant to the Court's Scheduling Order, ECF No. 23 at 5, the parties must file a Joint Statement of Uncontroverted Facts no later than three days after service of the reply. They have not done so for Plaintiff's Renewed Motion for Partial Summary Judgment Re Coverage, ECF No. 87. The parties are ordered to comply by **3:00 PM on November 15, 2018.** The parties must cite to previously filed documents by providing the record number given to the document (e.g. ECF No. 43). Id. at 6. The parties shall be mindful of this requirement for their other two summary judgment motions. Signed by Judge Salvador Mendoza, Jr. THIS IS A TEXT ONLY ENTRY. NO PDF TO FOLLOW. THIS CONSTITUTES THE COURTS RULING/NOTICE ON THE MATTER. (Entered: 11/14/2018) |
| 11/14/2018 | 108 | Praecipe filed by The Cincinnati Specialty Underwriters Insurance Company: Re 104 Reply Memorandum. Description: Document was not signed by attorney. (Sparling, Gary) Modified on 11/14/2018 (AY, Case Administrator) to add case docket entry relationship to ECF No. 81 Motion for Partial Summary Judgment Re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act . (Entered: 11/14/2018) |
| 11/15/2018 | 109 | STATEMENT re 87 MOTION for Partial Summary Judgment *Re Coverage Uncontroverted Facts* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/15/2018) |
| 11/15/2018 | 110 | STATEMENT re 84 MOTION for Partial Summary Judgment *Re Breach of Policy Condition Uncontroverted Facts* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/15/2018) |
| 11/16/2018 | 111 | STATEMENT re 81 MOTION for Partial Summary Judgment *re Bad Faith, Insurance Fair Conduct Act, and Consumer Protection Act Uncontroverted Facts* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/16/2018) |
| 11/16/2018 | 112 | OBJECTIONS re 100 Witness List by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/16/2018) |
| 11/16/2018 | 113 | OBJECTIONS re 101 Exhibit List by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/16/2018) |
| 11/16/2018 | 114 | MOTION in Limine by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **12/18/2018** at **11:00 AM** Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (Attachments: # 1 Text of Proposed Order)(Sparling, Gary) (Entered: 11/16/2018) |

| | | |
|---|---|---|
| 11/16/2018 | 115 | MOTION in Limine by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **12/18/2018** at **11:00 AM** Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 11/16/2018) |
| 11/16/2018 | 116 | MOTION in Limine *1-3* by Anna Wood, Jeffrey Wood. Motion Hearing set for **12/18/2018** at **11:00 AM** Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (Poole, Ryan) (Entered: 11/16/2018) |
| 11/16/2018 | 117 | MOTION in Limine *4-12* by Anna Wood, Jeffrey Wood. Motion Hearing set for **12/18/2018** at **11:00 AM** Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (Poole, Ryan) (Entered: 11/16/2018) |
| 11/16/2018 | 118 | MOTION in Limine *13-19* by Anna Wood, Jeffrey Wood. Motion Hearing set for **12/18/2018** at **11:00 AM** Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (Poole, Ryan) (Entered: 11/16/2018) |
| 11/16/2018 | 119 | DECLARATION by Ryan D. Poole in Support re 118 MOTION in Limine *13-19*, 117 MOTION in Limine *4-12*, 116 MOTION in Limine *1-3 and in Support of Objections to Plaintiffs Trial Witnesses and Exhibits* filed by Anna Wood, Jeffrey Wood. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (Poole, Ryan) (Entered: 11/16/2018) |
| 11/16/2018 | 120 | OBJECTIONS re 102 Witness List, 103 Exhibit List by All Defendants. (Poole, Ryan) (Entered: 11/16/2018) |
| 11/19/2018 | 121 | Additional Attachments to Main Document re 120 Objections *re 102 Witness List and 103 Exhibit List* by All Defendants. (Attachments: # 1 Exhibit 4, # 2 Exhibit 7, # 3 Exhibit 8, # 4 Exhibit 9, # 5 Exhibit 10, # 6 Exhibit 11, # 7 Exhibit 12, # 8 Exhibit 14, # 9 Exhibit 15, # 10 Exhibit 16, # 11 Exhibit 17, # 12 Exhibit 18, # 13 Exhibit 19, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 22, # 17 Exhibit 25, # 18 Exhibit 26, # 19 Exhibit 30, # 20 Exhibit 31, # 21 Exhibit 32, # 22 Exhibit 33, # 23 Exhibit 34, # 24 Exhibit 35, # 25 Exhibit 36, # 26 Exhibit 37)(Poole, Ryan) (Entered: 11/19/2018) |
| 11/20/2018 | 122 | ORDER DENYING 84 PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE BREACH OF POLICY CONDITION Signed by Judge Salvador Mendoza, Jr. Order sent to *pro se* Defendants via USPS this date. (AY, Case Administrator) (Entered: 11/20/2018) |
| 11/20/2018 | 123 | ORDER GRANTING IN PART AND DENYING IN PART 81 PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE BAD FAITH INSURANCE FAIR CONDUCT ACT, AND CONSUMER PROTECTION ACT Signed by Judge Salvador Mendoza, Jr. Order sent to *pro se* Defendants via USPS this date. (AY, Case Administrator) Modified on 12/10/2018 **Court's ruling amended by Court Order entered on 12/10/2018, ECF No. 149** (CV, Case Administrator). (Entered: 11/20/2018) |
| 11/20/2018 | 124 | JUDGMENT IN A CIVIL ACTION in favor of The Cincinnati Specialty Underwriters Insurance Company on Defendants' Insurance Fair Conduct Act and Consumer Protection Act counterclaims. (AY, Case Administrator) Modified on 11/20/2018 Judgment sent to pro se Defendants via USPS this date. (AY, Case Administrator). **JUDGMENT VACATED BY COURT ORDER ON 12/10/2018, ECF NO. 149** Modified on 12/10/2018 (CV, Case Administrator). (Entered: 11/20/2018) |
| 11/26/2018 | 125 | ORDER GRANTING 87 PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT RE COVERAGE. Signed by Judge Salvador Mendoza, Jr. Order sent to pro se Defendants via USPS this date. (AY, Case Administrator) (Entered: 11/26/2018) |

| | | |
|---|---|---|
| 11/26/2018 | 126 | JUDGMENT IN A CIVIL ACTION in favor of Plaintiff. (AY, Case Administrator) Modified on 11/26/2018 to add Judgment sent via USPS to *pro se* Defendants this date. (AY, Case Administrator). (Entered: 11/26/2018) |
| 11/26/2018 | 127 | RESPONSE re 112 Objections, 113 Objections *Defendants' Trial Witnesses and Exhibits* by All Defendants. (Poole, Ryan) (Entered: 11/26/2018) |
| 11/26/2018 | 128 | RESPONSE re 120 Objections *Plaintiff's Witness and Exhibit Lists* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/26/2018) |
| 11/30/2018 | 129 | RESPONSE to Motion re 115 MOTION in Limine *Motion to Exclude Expert Peter Johnson* filed by All Defendants. (Poole, Ryan) (Entered: 11/30/2018) |
| 11/30/2018 | 130 | RESPONSE to Motion re 116 MOTION in Limine *1-3* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/30/2018) |
| 11/30/2018 | 131 | RESPONSE to Motion re 117 MOTION in Limine *4-12* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/30/2018) |
| 11/30/2018 | 132 | RESPONSE to Motion re 118 MOTION in Limine *13-19* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 11/30/2018) |
| 11/30/2018 | 133 | OBJECTIONS *to Plaintiff's Cross-Designations of Deposition Testimony* by All Defendants. (Attachments: # 1 Appendix, # 2 Appendix, # 3 Appendix, # 4 Appendix, # 5 Appendix, # 6 Appendix)(Poole, Ryan) (Entered: 11/30/2018) |
| 11/30/2018 | 134 | RESPONSE to Motion re 114 MOTION in Limine filed by All Defendants. (Poole, Ryan) (Entered: 11/30/2018) |
| 11/30/2018 | 135 | OBJECTIONS *to Defendant's Cross-Designations of Deposition Testimony* by The Cincinnati Specialty Underwriters Insurance Company. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4, # 5 Appendix 5, # 6 Appendix 6)(Sparling, Gary) (Entered: 11/30/2018) |
| 12/04/2018 | 136 | MOTION for Reconsideration re 124 Clerk's Judgment, 123 Order on Motion for Partial Summary Judgment, by All Defendants. Motion Hearing set for **12/4/2018** Without Oral Argument before Judge Salvador Mendoza Jr. (Poole, Ryan) (Entered: 12/04/2018) |
| 12/04/2018 | 137 | NOTICE of Hearing on Motion - By Court - Text entry;no PDF document. re 136 MOTION for Reconsideration re 124 Clerk's Judgment, 123 Order on Motion for Partial Summary Judgment, : Motion Hearing currently set for 12/4/2018 is **RESET** for **1/3/2019** Without Oral Argument before Judge Salvador Mendoza Jr. to comply with the local civil rules. (DB, Courtroom Deputy) (Entered: 12/04/2018) |
| 12/04/2018 | 138 | Proposed Pretrial Order by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/04/2018) |
| 12/04/2018 | 139 | **ORDER:** Before the Court, without oral argument, is Defendants' Motion for Reconsideration, **ECF No. 136 .** Having reviewed the pleading, the Court now **ORDERS** Plaintiff to respond no later than **December 7, 2018 at 9:00 AM.** The brief may be no longer than five pages. Signed by Judge Salvador Mendoza, Jr. THIS IS A TEXT ONLY ENTRY. NO PDF TO |

| | | |
|---|---|---|
| | | ISSUE. THIS CONSTITUTES THE COURT'S RULING/NOTICE ON THE MATTER.(DB, Courtroom Deputy) (Entered: 12/04/2018) |
| 12/05/2018 | 140 | MOTION for Reconsideration re 126 Clerk's Judgment, 125 Order on Motion for Partial Summary Judgment *Re Coverage* by All Defendants. Motion Hearing set for **1/4/2019** Without Oral Argument before Judge Salvador Mendoza Jr. (Poole, Ryan) (Entered: 12/05/2018) |
| 12/06/2018 | 141 | RESPONSE to Motion re 136 MOTION for Reconsideration re 124 Clerk's Judgment, 123 Order on Motion for Partial Summary Judgment, filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/06/2018) |
| 12/07/2018 | 142 | RESPONSE re 135 Objections, *to Defendants' Deposition Designations* by All Defendants. (Poole, Ryan) (Entered: 12/07/2018) |
| 12/07/2018 | 143 | REPLY MEMORANDUM re 116 MOTION in Limine *1-3* filed by All Defendants. (Poole, Ryan) (Entered: 12/07/2018) |
| 12/07/2018 | 144 | REPLY MEMORANDUM re 117 MOTION in Limine *4-12* filed by All Defendants. (Poole, Ryan) (Entered: 12/07/2018) |
| 12/07/2018 | 145 | REPLY MEMORANDUM re 118 MOTION in Limine *13-19* filed by All Defendants. (Poole, Ryan) (Entered: 12/07/2018) |
| 12/07/2018 | 146 | REPLY MEMORANDUM re 114 MOTION in Limine filed by The Cincinnati Specialty Underwriters Insurance Company(an Ohio corporation). (Sparling, Gary) (Entered: 12/07/2018) |
| 12/07/2018 | 147 | RESPONSE re 133 Objections *to Cross-Designations of Deposition Testimony* by The Cincinnati Specialty Underwriters Insurance Company(an Ohio corporation). (Sparling, Gary) (Entered: 12/07/2018) |
| 12/07/2018 | 148 | REPLY MEMORANDUM re 115 MOTION in Limine filed by The Cincinnati Specialty Underwriters Insurance Company(an Ohio corporation). (Sparling, Gary) (Entered: 12/07/2018) |
| 12/10/2018 | 149 | ORDER ON MOTIONS FOR RECONSIDERATION granting in part and denying in part 136 Motion for Reconsideration; denying 140 Motion for Reconsideration. Order sent to *pro se* Defendants via USPS this date. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Entered: 12/10/2018) |
| 12/10/2018 | 150 | JUDGMENT IN A CIVIL ACTION (AY, Case Administrator) (Entered: 12/10/2018) |
| 12/13/2018 | 151 | **ORDER:** Before the Court is the parties' Joint Proposed Pretrial Order, ECF No. 138. Given that the Court granted in part Defendants' motion for reconsideration, ECF No. 149 , the Court allows the parties to submit an amended Joint Proposed Pretrial Order, if desired, no later than **December 18, 2018 at 9:00 AM.** Moreover, the Court never received Plaintiff's paper copy of its objections to Defendants' cross-designated deposition testimony as instructed in the Court's Scheduling Order. Plaintiff must bring the paper copy to the Pretrial Conference on December 18, 2018 and submit it to Ms. Brasel, the Courtroom Deputy. Signed by Judge Salvador Mendoza, Jr. THIS IS A TEXT ONLY ENTRY. NO PDF TO ISSUE. THIS CONSTITUTES THE COURT'S RULING/NOTICE ON THE MATTER.(DB, Courtroom Deputy) (Entered: 12/13/2018) |
| 12/18/2018 | 152 | Proposed Pretrial Order *(Joint)* by All Defendants. (Poole, Ryan) (Entered: 12/18/2018) |

| | | |
|---|---|---|
| 12/18/2018 | 153 | Minute Entry for proceedings held before Judge Salvador Mendoza, Jr: Pretrial Conference held on 12/18/2018, Motion Hearing held on 12/18/2018 re 114 MOTION in Limine filed by The Cincinnati Specialty Underwriters Insurance Company, 118 MOTION in Limine *13-19* filed by Anna Wood, Jeffrey Wood, 116 MOTION in Limine *1-3* filed by Anna Wood, Jeffrey Wood, 117 MOTION in Limine *4-12* filed by Anna Wood, Jeffrey Wood, 115 MOTION in Limine filed by The Cincinnati Specialty Underwriters Insurance Company. (Reported/Recorded by: Mark A. Snover) (DB, Courtroom Deputy) (Entered: 12/18/2018) |
| 12/19/2018 | 154 | ORDER REFERRING CASE FOR MEDIATION AND CONTINUING THIS MATTER. Case referred to Magistrate Judge John T. Rodgers for Mediation. Pretrial Conference set for **2/5/2019** at **09:30 AM** in Spokane Courtroom 755. Jury Trial RESET from 01/14/2019 for **3/11/2019** at **09:00 AM** in Spokane Courtroom 755. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) Modified on 12/19/2018 to add Order sent to *pro se* Defendants via USPS this date. (AY, Case Administrator). (Entered: 12/19/2018) |
| 12/19/2018 | 155 | LODGED NOTICE OF APPEAL from District Court decision as to 124 Clerk's Judgment, 126 Clerk's Judgment, 150 Clerk's Judgment, 125 Order on Motion for Partial Summary Judgment, 149 Order on Motion for Reconsideration,,, 123 Order on Motion for Partial Summary Judgment, by All Defendants. Filing fee $ 505, receipt number 0980-3057095. (Attachments: # 1 Representation Statement)(Poole, Ryan) (Entered: 12/19/2018) |
| 12/19/2018 | 156 | NOTICE OF INTERLOCUTORY APPEAL as to 125 Order on Motion for Partial Summary Judgment, 149 Order on Motion for Reconsideration, 124 Clerk's Judgment, 126 Clerk's Judgment, 150 Clerk's Judgment, 123 Order on Motion for Partial Summary Judgment by Anna Wood, Jeffrey Wood. **9CCA Case No. 18-36065** cc: Court Reporters: Mark Snover, Kimberly Allen. (Attachments: # 1 Representation Statement)(AY, Case Administrator) Modified on 12/20/2018 to add 9CCA Case No. (AY, Case Administrator). (Entered: 12/20/2018) |
| 12/19/2018 | 157 | 9CCA Payment Notification form re 156 Notice of Interlocutory Appeal. Received $505, receipt number 0980-3057095. (AY, Case Administrator) (Entered: 12/20/2018) |
| 12/19/2018 | 158 | Letter from Appeal Deputy Clerk to Ryan D Poole, Robert A Dunn dated 12/19/2018 (Attachments: # 1 Notice of Appeal, # 2 Representation Statement, # 3 PACER Docket Sheet, # 4 Transcript Designation and Order Form) sent to pro se Defendants via USPS this date.(AY, Case Administrator) (Entered: 12/20/2018) |
| 12/20/2018 | 159 | 9CCA Appeal Time Schedule and Case Number: 18-36065 for 156 Notice of Interlocutory Appeal filed by Anna Wood, Jeffrey Wood. Designation Due: 01/18/2019. Transcript Due: 02/19/2019. Opening Brief Due: 03/29/2019. Appellees Brief Due: 04/29/2019. Mediation Questionnaire Due: 12/27/2018. cc: Court Reporters: Mark Snover, Kimberly Allen. (AY, Case Administrator) (Entered: 12/20/2018) |
| 12/20/2018 | 160 | SCHEDULING CONFERENCE NOTICE - Text entry;no PDF document: Telephonic Scheduling Conference set for **12/21/2018** at **9:30 AM** via Teleconference before Magistrate Judge John T. Rodgers. Counsel shall be prepared to discuss possible dates for a settlement conference. Parties with settlement authority must be available to attend settlement conference on dates proposed. **Counsel are directed to initiate the call to Magistrate Judge Rodgers at (888) 363-4749 Access Code: 6822266**. (MO, Courtroom Deputy) (Entered: 12/20/2018) |

| | | |
|---|---|---|
| 12/20/2018 | 161 | **ORDER** "The filing of a notice of appeal is an event of jurisdictional significance --- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). Because the Pretrial Order containing the Court's rulings on the pending motions in limine would be affected by the outcome of the appeal, the Court **HOLDS IN ABEYANCE** the pending motions in limine, ECF Nos. [114 through 118]. Signed by Judge Salvador Mendoza, JR. THIS IS A TEXT ONLY ENTRY. NO PDF TO ISSUE. THIS CONSTITUTES THE COURT'S RULING/NOTICE ON THE MATTER. (DB, Courtroom Deputy) (Entered: 12/20/2018) |
| 12/21/2018 | 162 | Minute Entry for TELEPHONIC proceedings held before Magistrate Judge John T. Rodgers: Scheduling Conference held on 12/21/2018. (Reported/Recorded by: Not Reported) (MO, Courtroom Deputy) (Entered: 12/21/2018) |
| 12/21/2018 | 163 | MOTION for Sanctions *Under FRCP 11 re Defendants' IFCA Claim* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **1/22/2019** Without Oral Argument before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 12/21/2018) |
| 12/21/2018 | 164 | DECLARATION by Gary Sparling in Support re 163 MOTION for Sanctions *Under FRCP 11 re Defendants' IFCA Claim* filed by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/21/2018) |
| 12/27/2018 | 165 | Praecipe filed by The Cincinnati Specialty Underwriters Insurance Company: Re 163 MOTION for Sanctions *Under FRCP 11 re Defendants' IFCA Claim*, 164 Declaration in Support of Motion. Description: Providing Correct Document. (Sparling, Gary) (Entered: 12/27/2018) |
| 12/28/2018 | 166 | STATUS REPORT *re Mediation* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/28/2018) |
| 12/31/2018 | 167 | **ORDER:** In light of the parties' mediation conference date, the Clerk's Office is **DIRECTED** to **STRIKE** the pretrial conference date of February 5, 2019, and the trial date of March 11, 2019. Dates in the scheduling order that have not passed as of today shall be **STAYED** until further order of the Court. No later than **February 22, 2019,** the parties are **DIRECTED** to file a joint status report. If mediation is unsuccessful, the report shall include the parties' preferred positions as to whether they would like to (1) proceed to trial, and proposed trial date, or (2) wait until the resolution of the pending appeal. Signed by Judge Salvador, Mendoza, Jr. THIS IS A TEXT ONLY ENTRY. NO PDF TO ISSUE. THIS CONSTITUTES THE COURT'S RULING/NOTICE ON THE MATTER.(DB, Courtroom Deputy) (Entered: 12/31/2018) |
| 01/04/2019 | 168 | RESPONSE to Motion re 163 MOTION for Sanctions *Under FRCP 11 re Defendants' IFCA Claim* filed by All Defendants. (Poole, Ryan) (Entered: 01/04/2019) |
| 01/04/2019 | 169 | ORDER Setting Settlement Conference: Confidential written offer of settlement ddl 01/15/2019. Confidential *In camera* submission ddl 01/28/2019. SEE attached PDF of Order. Settlement Conference set for **2/14/2019 09:00 AM** in Spokane Courtroom 740 before Magistrate Judge John T. Rodgers. Signed by Magistrate Judge John T. Rodgers. (AY, Case Administrator) (Entered: 01/04/2019) |
| 01/10/2019 | 170 | NOTICE by The Cincinnati Specialty Underwriters Insurance Company re 163 MOTION for Sanctions *Under FRCP 11 re Defendants' IFCA Claim*, 164 Declaration in Support of Motion, 165 Praecipe, *Withdraw Pending Motions* (Sparling, Gary) (Entered: 01/10/2019) |

| | | |
|---|---|---|
| 02/22/2019 | 171 | STATUS REPORT *re Mediation* by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 02/22/2019) |
| 02/22/2019 | 172 | **ORDER:** Consistent with the parties' request, ECF No. 171 at 2, and the pending appeal in this matter, the Court finds good cause to **STAY** this matter until the appeal has concluded. Text-only entry;no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter. Signed by Judge Salvador Mendoza, Jr. (DB, Courtroom Deputy) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 02/22/2019) |
| 03/08/2019 | 173 | MOTION to Withdraw as Attorney (atty Ryan D. Poole) by Anna Wood, Jeffrey Wood. Motion Hearing set for **4/11/2019** Without Oral Argument before Judge Salvador Mendoza Jr. (Poole, Ryan) (Entered: 03/08/2019) |
| 03/08/2019 | 174 | MOTION to Withdraw as Attorney (atty Robert A. Dunn) by Anna Wood, Jeffrey Wood. Motion Hearing set for **4/11/2019** Without Oral Argument before Judge Salvador Mendoza Jr. (Dunn, Robert) (Entered: 03/08/2019) |
| 03/08/2019 | 175 | DECLARATION by Ryan D. Poole in Support re 174 MOTION to Withdraw as Attorney (atty Robert A. Dunn) , 173 MOTION to Withdraw as Attorney (atty Ryan D. Poole) filed by Anna Wood, Jeffrey Wood. (Poole, Ryan) (Entered: 03/08/2019) |
| 03/11/2019 | 176 | ORDER GRANTING MOTIONS TO WITHDRAW AS ATTORNEY; granting 173 Motion to Withdraw as Attorney by Ryan D Poole; granting 174 Motion to Withdraw as Attorney by Robert Dunn. Attorneys Robert A Dunn and Ryan D Poole terminated. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 03/11/2019) |
| 03/19/2019 | 177 | NOTICE of Appearance by Kevin W Roberts on behalf of Anna Wood, Jeffrey Wood (Attorney Kevin W Roberts added to party Anna Wood(pty:dft), Attorney Kevin W Roberts added to party Anna Wood(pty:cc), Attorney Kevin W Roberts added to party Jeffrey Wood(pty:cc), Attorney Kevin W Roberts added to party Jeffrey Wood(pty:dft))(Roberts, Kevin) (Entered: 03/19/2019) |
| 03/27/2019 | 178 | NOTICE by Anna Wood, Jeffrey Wood *NOTICE OF ATTORNEYS' LIEN* (Dunn, Robert) (Entered: 03/27/2019) |
| 05/30/2019 | 179 | COPY OF 9CCA ORDER Re: 9CCA Case No. 18-36065. Dismissed. (AY, Case Administrator) (Entered: 05/30/2019) |
| 05/31/2019 | 180 | PRETRIAL ORDER; granting 116 The Woods' Motion in Limine; granting in part and reserving in part 117 The Woods' Motion in Limine; granting in part, denying in part and reserving in part 118 The Woods' Motion in Limine; granting in part, denying in part, and reserving in part 114 Cincinnati's Motion in Limine; denying 115 Cincinnati's Motion in Limine. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 05/31/2019) |
| 06/03/2019 | 181 | **ORDER:** As the appeal has been dismissed, the parties are **DIRECTED** to file a joint status report recommending (1) a deadline for trial briefs, jury instructions, verdict forms, requested voir dire, and list of exhibits; (2) a pretrial conference date; and (3) a trial date. The joint status report is due no later than **June 28, 2019.** Following that submission, the Court shall be entering an amended scheduling order with the new trial date. Text-only entry;no PDF document will issue. This text-only entry constitutes the Courts order or notice on the matter. Signed by Judge Salvador Mendoza, Jr. (DB, Courtroom Deputy) |

| | | |
|---|---|---|
| | | (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 06/03/2019) |
| 06/21/2019 | 182 | MANDATE from 9CCA as to 156 Notice of Interlocutory Appeal, filed by Anna Wood, Jeffrey Wood. Appeal is Dismissed. 9CCA: 18-36065. (AY, Case Administrator) (Entered: 06/24/2019) |
| 06/26/2019 | 183 | STATUS REPORT *[Joint] re Trial Date and Pretrial Deadlines* by All Plaintiffs. (Sparling, Gary) (Entered: 06/26/2019) |
| 07/08/2019 | 184 | AMENDED SCHEDULING ORDER: Pretrial Conference set for **11/19/2019** at **09:00 AM** in Spokane Courtroom 755. Jury Trial RESET from 03/11/2019 for **12/2/2019** at **09:00 AM** in Spokane Courtroom 755, with a Final Pretrial Conference beginning at **08:30 AM**. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 07/08/2019) |
| 10/25/2019 | 185 | **ORDER:** Due to the Court's calendar, it has become necessary to reschedule trial in this matter. Additionally, due to courtroom renovations, it has become necessary to change the location of trial in this matter. Accordingly, the eight-day jury trial set to commence on December 2, 2019 in Spokane is **RESET** to commence on **December 2, 2019** at **9:00 AM** in **Richland,** Washington. The final pretrial conference shall begin at **8:30 AM.** All other dates, deadlines, and procedures remain unchanged. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter. Signed by Judge Salvador Mendoza, Jr. Service of Notice on parties not registered as users of the Court's CM/ECF system accomplished via USPS mail.) (DB, Courtroom Deputy) (Entered: 10/25/2019) |
| 10/28/2019 | 186 | NOTICE of Hearing - Text entry;no PDF document. - By Court:<br>- Service of Notice on parties not registered as users of the Court's CM/ECF system accomplished via USPS mail. Conference set for **10/29/2019** at **10:45 AM** in via Teleconference before Judge Salvador Mendoza Jr. Parties are directed to call the Court's public conference line at 1-888-808-6929; Access Code: 3648461; and Security Code: 0910 at the time specified for hearing. Use of mobile and/or speaker phones is not allowed as they are not compatible with the Court's sound system. (DB, Courtroom Deputy) (Entered: 10/28/2019) |
| 10/29/2019 | 188 | Minute Entry for TELEPHONIC proceedings held before Judge Salvador Mendoza, Jr: Status Conference held on 10/29/2019. (Reported/Recorded by: Allison Anderson) (DB, Courtroom Deputy) (Entered: 10/29/2019) |
| 11/06/2019 | 189 | NOTICE of Hearing - Text entry;no PDF document. - By Court:<br>- Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail. Pretrial Conference set for **11/19/2019** at **09:00 AM** in Spokane Courtroom 755 before Judge Salvador Mendoza Jr. (DB, Courtroom Deputy) (Entered: 11/06/2019) |
| 11/07/2019 | 190 | Joint MOTION to Strike 185 Order,,,, Set Deadlines/Hearings,,, *Strike Trial Date and All Remaining Case Deadlines* by The Cincinnati Specialty Underwriters Insurance Company(an Ohio corporation). Motion Hearing set for **12/9/2019** Without Oral Argument before Judge Salvador Mendoza Jr. (Sparling, Gary) (Entered: 11/07/2019) |
| 11/08/2019 | 191 | **ORDER:** The parties have informed the Court that they have reached an agreement in principle to resolve this matter. **ECF No.** 190 **.** Accordingly, the Court **STRIKES** the scheduled trial, all hearing dates, and all previously set deadlines in this matter. The parties shall file an appropriate motion to dismiss or a status report within thirty days of the date of this Order. THIS IS A TEXT ONLY ENTRY. NO PDF TO ISSUE. THIS CONSTITUTES THE COURT'S RULING/NOTICE ON THE |

| | | |
|---|---|---|
| | | MATTER. Signed by Judge Salvador Mendoza, Jr. (DB, Courtroom Deputy) (Service of Notice on parties not registered as users of the Court's CM/ECF system accomplished via USPS mail.) (Entered: 11/08/2019) |
| 12/09/2019 | 192 | STATUS REPORT by The Cincinnati Specialty Underwriters Insurance Company. (Sparling, Gary) (Entered: 12/09/2019) |
| 01/17/2020 | 193 | Stipulated MOTION to Dismiss *for and Order of Dismissal Without Prejudice* by The Cincinnati Specialty Underwriters Insurance Company. Motion Hearing set for **1/24/2020** Without Oral Argument before Judge Salvador Mendoza Jr. (Attachments: # 1 Text of Proposed Order)(Sparling, Gary) (Entered: 01/17/2020) |
| 01/23/2020 | 194 | ORDER DISMISSING CASE; granting 193 parties' Expedited Stipulated Motion for and Order of Dismissal without Prejudice. Case is closed. Signed by Judge Salvador Mendoza, Jr. (AY, Case Administrator) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 01/23/2020) |
| 02/12/2020 | 195 | LODGED NOTICE OF APPEAL by Anna Wood, Jeffrey Wood. Filing fee $ 505, receipt number 0980-3394449. (Roberts, Kevin) (Entered: 02/12/2020) |
| 02/12/2020 | 196 | NOTICE OF APPEAL from District Court decision as to 194 Order Dismissing Case by All Defendants. **9CCA Case No. 20-35124** cc: Court Reporter: Mark Snover, Kimberly Allen. (AN, Courtroom Deputy) Modified on 2/13/2020 to add 9CCA Case No. (AY, Case Administrator). (Entered: 02/12/2020) |
| 02/12/2020 | 197 | 9CCA Payment Notification form re 196 Notice of Appeal. Received $505, receipt number 0980-3394449. (AN, Courtroom Deputy) (Entered: 02/12/2020) |
| 02/12/2020 | 198 | Letter from Appeal Deputy Clerk to Kevin W. Roberts dated 2/12/2020 (Attachments: # 1 Notice of Appeal, # 2 Docket Sheet, # 3 Transcript Designation)(AN, Courtroom Deputy) Modified on 2/13/2020 to correct spelling of attorney's last name. (AY, Case Administrator). (Entered: 02/12/2020) |
| 02/13/2020 | 199 | 9CCA Appeal Time Schedule and Case Number: 20-35124 for 196 Notice of Appeal filed by Anna Wood, Stephen Milionis, Jeffrey Wood, Milionis Construction Inc. Designation Due: 03/13/2020. Transcript Due: 04/13/2020. Opening Brief Due: 05/22/2020. Appellees Brief Due: 06/22/2020. Mediation Questionnaire Due: 02/20/2020. cc: Court Reporters: Mark Snover, Kimberly Allen. (AY, Case Administrator) (Entered: 02/13/2020) |
| 03/12/2020 | 200 | TRANSCRIPT DESIGNATION of Record on Appeal by Jeffrey Wood re 196 Notice of Appeal,. Date Appeal Filed: 02/12/2020. Court Reporter: Mark Snover,. 9CCA: 20-35124. (Roberts, Kevin) (Entered: 03/12/2020) |
| 04/21/2020 | 201 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing. Proceedings held on 12/18/2018 in Spokane, Washington before Judge Salvador Mendoza, Jr. Page Numbers: 1-28<br><br>Parties have seven (7) business days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | Information regarding the policy can be found on the court website at www.waed.uscourts.gov.<br><br>To purchase a copy of the transcript contact Court Reporter/Transcriber Mark A. Snover at 509-458-3400. Redaction Request due 5/12/2020. Redacted Transcript Deadline set for 5/22/2020. Release of Transcript Restriction set for 7/20/2020. (AY, Case Administrator) (Entered: 04/21/2020) |
| 03/18/2021 | 202 | COPY OF 9CCA ORDER as to 196 Notice of Appeal filed by Anna Wood, Stephen Milionis, Jeffrey Wood, Milionis Construction Inc. 9CCA: 20-35124. (AY, Case Administrator) (Entered: 03/18/2021) |
| 04/21/2021 | 203 | 9CCA Slip Opinion: Decision of the District Court is DISMISSED. 9CCA Case No. 20-35124. (AY, Case Administrator) (Entered: 04/21/2021) |
| 05/13/2021 | 204 | MANDATE from 9CCA as to 196 Notice of Appeal filed by Anna Wood, Stephen Milionis, Jeffrey Wood, Milionis Construction Inc. Appeal is DISMISSED. 9CCA: 20-35124. (AY, Case Administrator) (Entered: 05/13/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/08/2026 12:17:37 | | | |
| **PACER Login:** | rbarnissim | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:17-cv-00341-SMJ |
| **Billable Pages:** | 19 | **Cost:** | 1.90 |

# EXHIBIT 5

Honorable Salvador Mendoza, Jr.

Gary Sparling, WSBA # 23208
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,

Plaintiff,

vs.

MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS, an Individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof;

Defendants.

Cause No. 2:17-cv-00341-SMJ

**EXPEDITED STIPULATED MOTION FOR AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

**Noted for: January 24, 2020**
**Without Oral Argument**

The parties to this lawsuit, by and through their undersigned counsel of record, do hereby stipulate and move that all remaining claims in this action (*i.e.*, defendants Woods' assigned claims for bad faith and violation of the Consumer



SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

Protection Act), shall be dismissed without prejudice, without costs or attorneys' fees to any party, and without notice of presentation of the Order.

It is further stipulated and agreed that this dismissal shall not affect the Woods' ability to appeal the dismissal of their counterclaims that were previously dismissed on summary judgment (*i.e.*, the Woods' assigned claims for breach of contract and violation of the Insurance Fair Conduct Act).

Dated this 17th day of January 2020

SOHA & LANG, P.S.

By: *__/s/Gary Sparling__*
Gary Sparling, WSBA # 23208
Email: sparling@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff

ROBERTS | FREEBOURN, PLLC

By: *__/s/Kevin Roberts__*
Kevin Roberts, WSBA # 29473
Email: Kevin@robertsfreebourn.com
**Roberts | Freebourn, P.L.L.C.**
1325 W. First Ave., Suite 303
Spokane, WA 99201
Telephone: 509-381-5262
Facsimile: 509-777-2215
Attorneys for Defendants Jeffrey Wood and Anna Wood

# CERTIFICATE OF SERVICE

I hereby declare that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Kevin W. Roberts
Roberts | Freebourn, PLLC
1325 W. 1st Avenue, Suite 303
Spokane, WA 99201
Tel: (509) 381-5262
Fax: (509) 777-2215
Email: kevin@robertsfreebourn.com
***Attorneys for Defendant Anna Wood and Jeffrey Wood***

Dated this 17th day of January 2020.

*/s/Angela Murray*

Angela Murray
Legal Secretary to Gary Sparling



SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

# EXHIBIT 6

Gary Sparling, WSBA # 23208
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Attorneys for Plaintiff

The Honorable Salvador Mendoza, Jr.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON,
AT SPOKANE

THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,

Plaintiff,

vs.

MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS, an Individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof;

Defendants.

Cause No. 2:17-cv-00341-SMJ

**ORDER OF DISMISSAL OF REMAINING CLAIMS WITHOUT PREJUDICE**

Pursuant to the stipulated motion of the parties and good cause appearing, IT IS HEREBY ORDERED that all remaining claims asserted by and between the parties in this lawsuit (*i.e.*, defendants Woods' assigned claims for bad faith



SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

and violation of the Consumer Protection Act), be and are hereby dismissed without prejudice and without costs or attorneys' fees to any party.

IT IS FURTHER ORDERED that this dismissal shall not affect the Woods' ability to appeal the dismissal of their counterclaims that were previously dismissed (*i.e.*, the Woods' assigned claims for breach of contract and violation of the Insurance Fair Conduct Act).

SO ORDERED this ____ day of January, 2020.

______________________________
Honorable Salvador Mendoza, Jr.
UNITED STATES DISTRICT JUDGE

SOHA & LANG, P.S.

By: */s/Gary Sparling*
Gary Sparling, WSBA # 23208
Email: sparling@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff

# EXHIBIT 7

Case: 20-35059, 09/17/2026, DktEntry: 12-1, (85 of 87)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THE CINCINNATI SPECIALITY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,

Plaintiff,

v.

MILIONIS CONSTRUCTION, INC., a Washington corporation; STEPHEN MILIONIS, an Individual; and JEFFREY WOOD and ANNA WOOD, husband and wife, and the marital community composed thereof,

Defendants.

No. 2:17-cv-00341-SMJ

**ORDER DISMISSING CASE**

On January 17, 2020, the parties filed a stipulated dismissal, ECF No. 193. Consistent with the parties' agreement and Federal Rule of Civil Procedure 41(a), **IT IS HEREBY ORDERED:**

**1.** The parties' Expedited Stipulated Motion for and Order of Dismissal Without Prejudice, **ECF No. 193**, is **GRANTED**.

**2.** All remaining claims (*i.e.*, Defendants Woods' claims for bad faith and violation of the Consumer Protection Act), are **DISMISSED**

**WITHOUT PREJUDICE,** with all parties to bear their own costs and attorneys' fees.

**3.** This dismissal shall not affect the Woods' ability to appeal the dismissal of their counterclaims on summary judgment (*i.e.*, the Woods' assigned claims for breach of contract and violation of the Insurance Fair Conduct Act).

**4.** All pending motions are **DENIED AS MOOT**.

**5.** All hearings and other deadlines are **STRICKEN**.

**6.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of January 2020.

SALVADOR MENDOZA, JR.
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing Opposition to Motion to Dismiss for Lack of Jurisdiction; Declaration of Rom Bar-Nissim with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

DATED: September 17, 2026 By: /s/ Rom Bar-Nissim