**No. 26-5059**

**IN THE**

# United States Court of Appeals for the Ninth Circuit

**TED ENTERTAINMENT, INC.,**

*Plaintiff-Appellant,*

*v.*

**ALEXANDRA MARWA SABER,**

*Defendant-Appellee,*

**DOES 1–10,**

*Defendants.*

On Appeal from the United States District Court
for the Central District of California
No. 2:25-cv-05564-WLH-PD, Hon. Wesley L. Hsu

## DEFENDANT-APPELLEE ALEXANDRA MARWA SABER'S REPLY TO PLAINTIFF-APPELLANT TED ENTERTAINMENT, INC.'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION

Benjamin Kassis
Benjamin Grush
David Tiraturyan
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
(424) 254-0441

*Counsel for Defendant-Appellee*
*Alexandra Marwa Saber p/k/a Denims*

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENTS IN RESPONSE ........ 2

I. The District Court Did Not Approve or Meaningfully Participate in the Countdown Episode Claim's Dismissal. ........ 2

A. The District Court Had No Power to Act on the Dismissal of the Countdown Episode. ........ 3

B. The District Court Did Not Rewrite the Order But Merely Reproduced the Parties' Stipulation. ........ 4

II. The Judgment Did Not Adjudicate TEI's Contributory Infringement Claim. ........ 6

A. Section 1291 Requires Full Adjudication of the Issues. ........ 6

B. Closing the Case on the District Court's Docket Is Not an Adjudication of All Claims and Parties. ........ 7

C. Further Adjudication Is Clearly Contemplated. ........ 8

III. TEI Does Not Offer A Legitimate Basis for Excusing the Absence of a Rule 54(b) Determination. ........ 10

CONCLUSION ........ 10

CERTIFICATE OF COMPLIANCE ........ 12

CERTIFICATE OF SERVICE ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,
248 F.3d 892 (9th Cir. 2001) .......... 9

*Am. States Ins. Co. v. Dastar Corp.*,
318 F.3d 881 (9th Cir. 2003) .......... 2, 3, 4

*Campbell Indus., Inc. v. Offshore Logistics Int'l, Inc.*,
816 F.2d 1401 (9th Cir. 1987) .......... 7

*Cincinnati Specialty Underwriters Insurance Co. v. Wood*,
856 F. App'x 695 (9th Cir. 2021) .......... 5, 6, 7

*Com. Space Mgmt. Co. v. Boeing Co.*,
193 F.3d 1074 (9th Cir. 1999) .......... 3

*Crowley v. Bannister*,
734 F.3d 967 (9th Cir. 2013) .......... 8, 9

*Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*,
375 F.3d 861 (9th Cir. 2004) .......... 6, 9

*Doe Defendants v. U.S. Dist. Ct.*,
No. 26-3513 (9th Cir. Sept. 15, 2026) .......... 10

*Galaza v. Wolf*,
954 F.3d 1267 (9th Cir. 2020) .......... 2, 6

*Montes v. United States*,
37 F.3d 1347 (9th Cir. 1994) .......... 7

*National Distribution Agency v. Nationwide Mutual Insurance Co.*,
117 F.3d 432 (9th Cir. 1997) .......... 7, 8, 9

*Patchick v. Kensington Pub. Corp.*,
743 F.2d 675 (9th Cir. 1984) .......... 8, 10

*Ted Entertainment, Inc. v. Doe Defendants*,
No. 26-3553 (9th Cir. Sept. 15, 2026) .................................................. 10

**Statutes**

28 U.S.C. § 1291 ........................................................................................ 6

**Federal Rules**

Fed. R. Civ. P. 15(a) ..................................................................................... 3

Fed. R. Civ. P. 41(a)(1) .................................................................................. 3

Fed. R. Civ. P. 41(a)(1)(A)(ii) ................................................................... 3, 4

Fed. R. Civ. P. 54(b) ................................................................................ 2, 10

## INTRODUCTION

Two independent defects deprive this Court of jurisdiction over TEI's[1] appeal, and either alone requires dismissal. TEI's Opposition does not compel any other result.

*First*, the district court did not approve or meaningfully participate in the dismissal of the Countdown Episode claim. TEI asserts the district court "rewrote" the parties' proposed order and added its approval of the dismissal "*sua sponte*" (Opp'n at 6, 8, Dkt. 12.1); however, the single sentence at issue is reproduced almost verbatim from the parties' (*earlier*) stipulation—merely with three immaterial clerical changes made by the district court. Regardless, the dismissal without prejudice occurred via the stipulation, *before* the district court entered the order that included its grammatical preferences.

*Second*, the Judgment does not adjudicate TEI's second claim and only resolves the first claim, against Denims only, and only as to The Nuke. The Judgment—which TEI concedes does not include an express

[1] Unless otherwise indicated, capitalized and/or defined terms have the meanings given them in the Motion to Dismiss for Lack of Appellate Jurisdiction (Dkt. 11.1).

Rule 54(b) determination—is otherwise silent as to the contributory infringement claim and the Does against whom that claim is asserted.

This Court should dismiss TEI's appeal on either basis. *See Galaza v. Wolf*, 954 F.3d 1267, 1272 (9th Cir. 2020) ("Either circumstance would be sufficient to warrant dismissal of the appeal.").[2]

## ARGUMENTS IN RESPONSE

### I. The District Court Did Not Approve or Meaningfully Participate in the Countdown Episode Claim's Dismissal.

This Court lacks jurisdiction "when a party that has suffered an adverse partial judgment subsequently dismisses any remaining claims without prejudice, and does so without the approval and meaningful participation of the district court." *Galaza*, 954 F.3d at 1272. The measure of meaningful participation is whether "the district court's participation in the dismissal indicated that it considered the appropriateness of the dismissal without prejudice." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888 (9th Cir. 2003). The record below does not meet that standard.

[2] In the alternative, consistent with TEI's alternative request, the Court should remand so that the district court may enter a judgment disposing of the entire action, including dismissal of the Countdown Episode claim with prejudice.

### A. **The District Court Had No Power to Act on the Dismissal of the Countdown Episode.**

Beginning with the most elementary concept, the dismissal of the Countdown Episode claim as to Denims was complete *before* the district court entered an order deferring Denims' deadline to file a fee motion. Specifically, because the parties stipulated that TEI's Countdown Episode claim "is hereby dismissed without prejudice pursuant to FRCP 41(a)(1)(A)(ii)" (Stip. at 3), that dismissal took effect on July 6, 2026—when the stipulation was filed. This Court has held that

> it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it.

*Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077–78 & n.4 (9th Cir. 1999). By the time the district court issued its order a week later, there was nothing to approve regarding the Countdown Episode claim (and no discretion left to exercise as to that claim); thus, the district court could not have "considered the appropriateness" of the dismissal.[3]

---

[3] TEI argues *Dastar* found no meaningful participation "precisely because the parties eliminated the remaining claims without leave of the court under … Rule 15(a)." (Opp'n at 9.) In *Dastar*, leave was not required, just like a stipulated dismissal under Rule 41(a)(1)(A)(ii);

### B. The District Court Did Not Rewrite the Order But Merely Reproduced the Parties' Stipulation.

TEI argues the district court meaningfully participated in the dismissal of the Countdown Episode because it "rewrote" the proposed order and added the dismissal language "*sua sponte*" (Opp'n at 6, 8), but that characterization is misleading because the district court's additions were immaterial and came directly from the parties. The stipulation reads:

> TEI's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby dismissed without prejudice pursuant to FRCP 41(a)(1)(A)(ii).

(Stip. at 2–3.) By comparison, the order the district court entered reads:

> Plaintiff's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby DISMISSED without prejudice, pursuant to FRCP 41(a)(1)(A)(ii).

---

thus, *Dastar* held "[a]lthough the district court 'approved' the stipulations to amend and dismiss, such approval cannot be said to involve meaningful consideration or participation by the district court inasmuch as the parties were entitled to do so without leave…." 318 F.3d at 888. So too here: once the parties dismissed the claim themselves, the district court "had no ability or justification to refuse to issue a judgment." *Id.* at 889. TEI's contrary assertion that the dismissal's self-execution "makes the district court's intervention more telling, not less" (Opp'n at 10) inverts this rule, because where no leave is required, the district court does not have any "gate-keeping role." *Dastar*, 318 F.3d at 889–90.

(Order Granting Stip. ¶ 1.) Thus, the district court's only contribution was merely clerical and grammatical. Any substantive role was limited to granting the *separate* relief requested, *i.e.*, a deferred fee motion deadline. Nothing in the order reflects the district court's consideration of whether dismissal without prejudice was appropriate.

That is the same situation as in *Cincinnati Specialty Underwriters Insurance Co. v. Wood*, where this Court found no meaningful participation because, although the district court "did not use the precise form of order that the parties submitted, ***its order of dismissal was essentially the same***." 856 F. App'x 695, 699 (9th Cir. 2021) (emphasis added). Indeed, in *Wood*, the district court's order actually departed from the parties' submission more substantially than it did here by addressing additional "ministerial matters"—and notably, directing that the case be closed—yet this Court still found there was "no indication that the district court considered the appropriateness of the dismissal without prejudice." *Id.*

Here, the district court clearly understood the dismissal of the Countdown Episode claim to be the parties' act (and not its own) because the Judgment it entered attributes that dismissal to the

parties. (Judgment at 2 (reciting that the claim "was dismissed without prejudice" "[o]n July 6, 2026, ***by stipulation of the parties*** pursuant to [Rule] 41(a)(1)(A)(ii)") (emphasis added).)[4]

## II. The Judgment Did Not Adjudicate TEI's Contributory Infringement Claim.

### A. Section 1291 Requires Full Adjudication of the Issues.

A decision is final only if it "(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004). The Judgment here does not resolve the entire case because it enters judgment for Denims only on the first claim and only "as to the 'The Nuke'" (Judgment ¶¶ 1–4), without resolving (or even addressing) the second claim or the Does.

[4] TEI's separate argument that it did not manipulate appellate jurisdiction is beside the point. Even taking TEI's account of its reasons for dismissal of the Countdown Episode claim at face value, in *Galaza*, this Court dismissed the appeal "[d]espite the lack of evidence of any attempt to manufacture appellate jurisdiction through manipulation," because there had been no meaningful district court participation. 954 F.3d at 1271–72; *accord Wood*, 856 F. App'x at 698.

### B. **Closing the Case on the District Court's Docket Is Not an Adjudication of All Claims and Parties.**

TEI also argues the ECF notifications from the district court action state "CASE CLOSED," and the docket entry bears a JS-6 notation. (Opp'n at 12–13.) But this Court has cautioned that the "focus" should be on "what effect the court intended [the order] to have, rather than the label placed upon it." *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994).

In any event, *Wood* forecloses TEI's argument because the order there expressly directed "that the case be closed," but this Court dismissed the appeal anyway. 856 F. App'x at 699. TEI relies on *Campbell Indus., Inc. v. Offshore Logistics Int'l, Inc.*, which itself shows that more is required, providing that "[o]nly when a judge acts in a manner which clearly indicates an intention that the act be final, and a notation of that act has been entered on the docket, does the time for appeal begin to run." 816 F.2d 1401, 1404 (9th Cir. 1987).[5]

[5] TEI's reliance on *National Distribution Agency v. Nationwide Mutual Insurance Co.* fails. First, TEI seeks to recast the Court's counterfactual into a rule, when in fact the Court there said: "Had the court entered a separate final judgment subsequent to the dismissal order, [the Court] would be confident the court intended no further action in the case." 117 F.3d 432, 434 (9th Cir. 1997). Notably, the Court there dismissed the

### C. Further Adjudication Is Clearly Contemplated.

Under *Patchick v. Kensington Pub. Corp.*, where an action "is dismissed as to all of the defendants who have been served and only unserved defendants remain," the order "*may* be considered final … for the purpose of perfecting an appeal," because "[i]n such circumstances there is no reason to assume that there will be any further adjudication of the action." 743 F.2d 675, 677 (9th Cir. 1984) (per curiam) (emphasis added). This Court "has recognized a limited exception where 'it is clear from the course of proceedings that further adjudication is contemplated.'" *Crowley v. Bannister*, 734 F.3d 967, 974 (9th Cir. 2013).

*Crowley* (Opp'n at 16) is inapposite. There, this Court found it had jurisdiction because "the clerk entered judgment in favor of ***all defendants***"—including the unserved defendant—thus "***finally disposing of the action against all defendants***." 734 F.3d at 973–74 (emphasis added). Here, the Judgment neither mentions the Does nor resolves TEI's second claim, and no other order does either.

Nor can TEI show, as *Crowley* did, that "[n]othing in the district

---

appeal. *Id*. Second, the Court reviewed the docket and "determine[d] that the district court left no claims unresolved," *id.*; here, conversely, TEI's second claim is clearly unresolved by the Judgment.

court's order suggests that further adjudication was contemplated," *id.* at 974, because this Court "look[s] beyond the dismissal order and read[s] the entire record to determine what effect the court intended its order to have," *Disabled Rts.*, 375 F.3d at 870 (quoting *Nat'l Distrib. Agency,* 117 F.3d at 433–34). Here, the stay order, which has never been vacated, stayed "the present action" pending final resolution of the Quash Motion Action, and it further obligates the parties to report at every stage of that proceeding. (Order Re: Stay ¶¶ 2, 4.a–i.)

TEI's response that the stay "merged into the Judgment" (Opp'n at 19) is also misplaced because it *presupposes* finality, when merger operates only once a *final* judgment exists. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) (describing merger as "[a] necessary corollary to the final judgment rule").

TEI's filings also confirm that further adjudication is contemplated because two days before filing its Opposition, TEI represented to this Court that if the Judgment is reversed it "will proceed with its claims against the Doe defendants," and asked that the companion proceedings be stayed because their resolution "will conserve

the resources of the district court and the parties."[6]

## III. TEI Does Not Offer A Legitimate Basis for Excusing the Absence of a Rule 54(b) Determination.

TEI does not dispute that the district court never expressly determined that "there is no just reason for delay." Fed. R. Civ. P. 54(b). TEI's only answer—that certification was unnecessary because the Doe defendants were never served (Opp'n at 20)—fails because, as described above, it depends entirely on *Patchick*, which does not apply where the record shows that further adjudication is contemplated. Because TEI's contributory infringement claim is still live, the Judgment adjudicated fewer than all claims, and a Rule 54(b) determination was required.

## CONCLUSION

Denims respectfully requests that this Court dismiss TEI's appeal for lack of jurisdiction without prejudice to TEI's right to appeal from a final judgment resolving all claims in the action.

---

[6] TEI's Mot. to Dismiss or Stay at 4, 10, *Ted Entertainment, Inc. v. Doe Defendants*, No. 26-3553 (9th Cir. Sept. 15, 2026), Dkt. No. 19.1; TEI's Mot. to Dismiss or Stay at 4, 11, *Doe Defendants v. U.S. Dist. Ct.*, No. 26-3513 (9th Cir. Sept. 15, 2026), Dkt. No. 22.1.

DATED: September 24, 2026 Respectfully submitted,

By: */s/ Benjamin Kassis*

Benjamin Kassis
Benjamin Grush
David Tiraturyan
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024

*Counsel for Defendant-Appellee Alexandra Marwa Saber p/k/a Denims*

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27-1(1)(d), I certify that this Reply does not exceed 10 pages, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

I further certify that this Reply complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font and is set in a plain, roman style.

DATED: September 24, 2026 FROST LLP

By: *<u>/s/ Benjamin Kassis</u>*
Benjamin Kassis
*Counsel for Defendant-Appellee Alexandra Marwa Saber p/k/a Denims*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

DATED: September 24, 2026 FROST LLP

By: *\/s/ Benjamin Kassis*
Benjamin Kassis
*Counsel for Defendant-Appellee Alexandra Marwa Saber p/k/a Denims*